Kropp vs. Kropp and others.

KROPP, Respondent, vs. KROPP and others, Appellants.

*September 10 — September 28, 1897*

*Equity: Reformation of instrument for mistake: Evidence: Laches.*

1. In order to justify a court of equity in reforming a written instrument on the ground of mistake, proof of the requisite facts must be entirely plain and convincing.

2. Evidence — clearly showing that the consideration of notes and a mortgage executed to the wife of K. was the purchase price of property which belonged to K. individually; that the papers,when executed were delivered to and retained by him, and he for years, and until the death of his wife, received all payments made thereon without objection; that the agreement with the maker of such notes and mortgage was that they should be so drawn that if K. died before his wife she would be the sole owner of the property, but if she died first he should be the sole owner, without any expense of probating the estate in either case, and that the person who drew the papers was instructed to draw them in that way, but failed to do so; and that the papers were signed in the presence of K. and his wife without being read — *held* to be sufficient to justify a reformation of such notes and mortgage.

3. The mere probability that in the transfer of stock as a part of the same transaction, and the issuing of a new certificate therefor in the name of K.'s wife, the agreement and intention were the same as in relation to the rest of the consideration, will not, in the absence of direct evidence to that effect, establish a mistake in such transfer so as to justify a reformation of the stock certificate.

4. A delay by K. for four years before bringing an action to reform the notes and mortgage given to his wife, after the making thereof, including two years after her death, was not such laches as to bar his remedy, especially where the statute of limitations gives a longer period for bringing such actions.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed in part; reversed in part.*

Plaintiff was the owner of certain real estate in the city of Milwaukee. He sold such real estate to *John Veidt* upon terms that the purchaser should give a purchase-money mortgage for $5,225, and fifty shares of stock in the South Side Real Estate, Building & Loan Association, of the par value of $5 per share as a part of the consideration. The certificate of stock was transferred to plaintiff's wife, Christliebe Kropp. It was assigned directly to her, the proper transfer made on the books of the corporation, and a new certificate issued in her name, which was delivered to the plaintiff. The purchase-money mortgage and the notes representing the indebtedness secured thereby were also made out in the name of plaintiff's wife and delivered to plaintiff. The notes and mortgage were retained by plaintiff, and all payments made thereon were made to him up to the time of the commencement of this action.

On the 13th day of August, 1893, the wife died, leaving as her heirs two sons, being the defendants *Charles* and *William Kropp*. On the 10th day of September, 1895, *Adolph Doctor* was appointed administrator of the estate, and thereafter he claimed a right to the purchase-money notes and mortgage and the certificate of stock mentioned, as belonging to the estate of his intestate. Thereupon plaintiff brought this action to reform the notes and mortgage, claiming that by mistake the person who made out the papers made them in the name of his wife; that the whole consideration for the real estate sold to *Veidt* belonged to him at

the time of such sale, and that it was the agreement and intention to have the papers so made that in case of his death during the lifetime of his wife the property would go to her without the expense of probating the estate, and, in case of her death during his lifetime, the property would belong to him absolutely and without any probate proceedings; that he directed the notes and mortgage to be so made, but that by mistake they were made in the name of his wife alone.

Defendants answered putting in issue the allegations of the complaint as to the agreement and mistake, and alleging that such papers were intentionally made to Mrs. Kropp as her own separate property and that they belonged to her at the time of her death. Defendants also counterclaimed, setting up that the corporation stock heretofore referred to was conveyed to Mrs. Kropp by direction of plaintiff; that it was a part of the transaction whereby the notes and mortgage were so made, and that it was a part of the consideration for the sale of real estate heretofore mentioned; that the administrator demanded possession of the stock and of the notes and mortgage of plaintiff, and that such demand was refused. The prayer for affirmative relief in the answer, among other things, was that plaintiff be compelled to surrender the notes and mortgage and the stock to the defendant *Doctor,* as administrator of Mrs. Kropp's estate.

Plaintiff replied, among other things, by a denial that the certificate of stock was assigned to his wife by his direction, and alleged that the certificate and the stock represented thereby belonged to him.

The trial resulted in a finding that plaintiff was the owner of the real estate at the time it was sold to *Veidt,* as alleged in the complaint; that it was sold to *John Veidt* as alleged, and purchase-money notes, with the mortgage to secure the same, for $5,225, together with fifty shares of capital stock in the South Side Real Estate, Building & Loan Association

Kropp vs. Kropp and others.

of Milwaukee, Wisconsin, given in part payment therefor; that by mistake and inadvertence a clerical error was made by the persons who drafted and prepared the instruments, by which, without the knowledge or consent of plaintiff, the name of his wife, Christliebe Kropp, was inserted in the certificate of stock and in the notes and mortgage as the sole owner, when the intention of all the parties interested, at the time of the execution of the notes and mortgage and the assignment of stock, was that the papers should be, and all such parties believed that they were, made payable to plaintiff and his wife as such, and to the survivor of them, so that the property would belong solely to the wife, only in the event of plaintiff dying in her lifetime, and solely to plaintiff in case of her death during his lifetime, the object being to avoid the expense of probating the estate of plaintiff in case of the wife surviving. There were further findings of fact covering all the issues raised by the pleadings.

As conclusions of law the court found that the claim of the defendants in respect to the ownership of the notes and mortgage and the certificate of stock was a cloud upon his title thereto, and that plaintiff was entitled to the relief prayed for in the complaint, and to a decree establishing his ownership of the notes and mortgage and the certificate of stock, free from any claim of the defendants, and reforming the instruments by adding the name of the plaintiff to the name of Christliebe Kropp, wherever the name appears in such instruments, or either of them, and by otherwise reforming the same so as to make them by their terms the property of *J. Christopher Kropp* and said Christliebe Kropp as husband and wife, or the surviving one of them, and so as to make the same conform to the intention of the parties as the court found the facts to be; and the defendants were ordered to deliver all of such property to the plaintiff, and all sums or amounts received or collected thereon.

Defendants filed exceptions to the findings of fact and con-
clusions of law, and thereafter judgment was rendered in
plaintiff's favor, from which defendants appealed.

*V. W. Seely,* for the appellants, argued, *inter alia,* that
the plaintiff was not entitled to relief in respect to the stock,
because the complaint did not ask it, and there was no proof
of any mistake in respect to it. *Hyland v. Hyland,* 19 Oreg.
51; *Anderson v. Logan,* 105 N. C. 266; *Flint v. Jones,* 5
Wis. 424. Proof of mistake in the notes and mortgage was
not sufficient. *Hupsch v. Resch,* 45 N. J. Eq. 657. The
transaction was a mere voluntary gift to the wife. *Com-
stock v. Coon,* 135 Ind. 640; *Eaton v. Eaton,* 15 Wis. 259;
*Sherwood v. Sherwood,* 45 id. 357; *Petesch v. Hambach,* 48
id. 443.

For the respondent there was a brief by *Fiebing & Kil-
lilea,* attorneys, and *Adolph Huebschmann,* of counsel, and
oral argument by *H. J. Killilea.* They contended that
there was no gift to the wife, because there was no delivery.
*Crook v. First Nat. Bank,* 83 Wis. 31, 39; 8 Am. & Eng.
Ency. of Law, 1322; *Wilcox v. Matteson,* 53 Wis. 23; *Brunn
v. Schuett,* 59 id. 260; *Wilson v. Carpenter,* 17 id. 512; *Wes-
terlo v. De Witt,* 36 N. Y. 340; *Gray v. Barton,* 55 id. 72; 2
Schouler, Pers. Prop. § 66; *Young v. Young,* 80 N. Y. 422.

MARSHALL, J. If, as alleged in the pleadings by respond-
ent and found by the court, respondent sold real estate be-
longing to him to another and received from such other, in
part payment therefor, purchase-money notes and mortgage
and some corporation stock, and it was agreed between such
other and respondent and his wife that the notes and mort-
gage and the transfer of the stock and new certificate there-
for should be so made as to vest the title thereto in the
husband and wife jointly, and in the survivor of them, with-
out any expense for probate proceedings, and thereafter, by
mistake of fact on the part of all the parties named, and of

the person or persons who drew the papers, they were made
to show Mrs. Kropp to be the sole owner of the property,
then, unless respondent be barred from obtaining relief by
laches, his right thereto in equity, by a decree reforming the
notes, mortgage, and certificate to accord with the facts, is
too clear for serious discussion. Within one of the well-
recognized and firmly-established branches of equity juris-
prudence is the power 'of courts of equity to grant relief
from mutual mistake of fact, or mistake of one party and
fraud of another, which results in a written instrument
being made between the parties contrary to their agreement
and the intention of the person or persons making such mis-
take. *Neff v. Rains*, 33 Wis. 689; *Grossbach v. Brown*, 72
Wis. 458; *Green Bay & M. Canal Co. v. Hewitt*, 62 Wis. 316;
*Sullivan v. Bruhling*, 66 Wis. 472; Pomeroy, Eq. Jur. §§ 110,
845, 847, 871.

It follows from the foregoing that though many questions
are discussed in appellants' brief, all of which have been
carefully considered that have any bearing on this appeal,
the only questions which require any special treatment in
this opinion are presented by exceptions to the findings of
fact above referred to. In considering such questions we
must apply the rule which governs in this class of cases, that
the facts requisite to a recovery must appear by clear and
satisfactory evidence, or, as is usually said, the proof of the
facts must be entirely plain and convincing. Pomeroy, Eq.
Jur. § 859; *Blake Opera House Co. v. Home Ins. Co.* 73 Wis.
667; *Meiswinkel v. St. Paul F. & M. Ins. Co.* 75 Wis. 147.

We first consider whether the notes and mortgage were,
by mistake, made contrary to the agreement. The evidence
is practically all one way — to the effect that the considera-
tion for such notes and mortgage was individual property
of the plaintiff. That circumstance is strongly persuasive
that plaintiff did not knowingly place such property wholly
beyond his control, so that in the event of his wife's death

during his lifetime it would go to her children and he be dependent upon their bounty. Plaintiff was not allowed to testify to ·the agreement, but did testify that when the papers were completed they were delivered to him; that he caused the mortgage to be recorded and had always retained all the papers and received all payments made upon the notes without objection for years. The only other living witness to the transaction was *Veidt*, who executed the notes and mortgage. He testified that the papers, when drawn, were signed by him in the presence of plaintiff and his wife without the same being read by him or in his presence. In regard to what was said by plaintiff and his wife and himself, there is some slight conflict between his direct and cross examination, yet, on the whole, it plainly and unmistakably is to the effect that the agreement was that the papers should be made out so that if plaintiff died before his wife she would be the sole owner of the property, and if she died first he would be such sole owner, without any expense of probating the estate in either case; and that the person who drew the papers was instructed to make them in that way. Such person was plaintiff's son. He died shortly after the transaction occurred. The foregoing is substantially all the evidence bearing on the question of the alleged agreement and mistake so far as relates to the notes and mortgage. The circumstance that plaintiff retained the papers and made no complaint till over four years elapsed, in view of the other circumstances appearing by the evidence, rather strengthens than weakens his case. The person interested adverse to plaintiff during the lifetime of Mrs. Kropp was herself. She did not question the husband's title. During that time he had complete control over and enjoyment of the property. After her death the persons interested adverse to plaintiff were his sons. It is not unreasonable that he did not act more promptly to protect himself against adverse claims coming from his own family,

inasmuch as his rights do not appear to have ever been questioned by anybody till about the time the action was commenced. It was not till over two years elapsed after the death of Mrs. Kropp that an administrator was appointed for her estate, and a claim made adverse to plaintiff. He then promptly commenced his action. It is considered that the evidence and circumstances established thereby, referred to, fairly satisfy the rule requiring the facts to be established by entirely clear and convincing evidence, and that the finding of the circuit court as to the notes and mortgage, and the judgment based thereon, cannot be disturbed.

The finding that a mistake was made in transferring the stock and issuing a new certificate therefor in the name of Mrs. Kropp does not appear to be sustained by any evidence in the case or by any circumstance other than the mere probability that, inasmuch as it was a part of the transaction in which the notes and mortgage were made, the agreement as to one was intended to cover the other. But there is the positive direct evidence to the contrary by the witness *Veidt*, who testified that he was directed by plaintiff to assign the stock to Mrs. Kropp and assigned it accordingly. Also the evidence of the officer of the company who made the transfer on the books of the corporation and issued the new certificate, that such transfer and certificate were made according to plaintiff's directions. In view of such evidence and the rule of clear and convincing proof before referred to, the exception to the court's finding on this branch of the case must be sustained.

But it is insisted by defendants that if the facts are as plaintiff claims, and as found by the court, the plaintiff should be held to have lost his remedy by laches in that he waited four years before bringing his action, including over two years after Mrs. Kropp's death. The law unquestionably is that a party must assert his right to a reformation of a contract, not made according to the intention of the parties

thereto, without unreasonable delay; but what constitutes such delay must be determined by the facts of each case on principles of equity. *Sullivan v. P. & K. R. Co.* 94 U. S. 806. There is a difference between delay evidencing acquiescence or tending to show that no mistake was made, and delay accompanied by circumstances constituting an equitable estoppel. Mere delay is not a bar in equity, ordinarily, where it would not be a bar at law, and obviously it is not a bar where there is a statutory period covering the identical subject, short of such period. Angell, Limitations, § 25; *Godden v. Kimmell,* 99 U. S. 201. To constitute a bar when the statute has not run, there must be delay together with facts and circumstances occurring during such delay to the prejudice of innocent parties. There is no plea here of the statute of limitations. The statutable period in such a case is covered by subd. 4, sec. 4221, R. S. *Parker v. Kane,* 4 Wis. 1. That had not elapsed when this action was commenced. No circumstance appears to create an equitable estoppel so as to warrant the court, in the exercise of its equitable powers, in applying a shorter period as a bar to plaintiff's recovery. The persons now claiming the property have not parted with anything by reason of the delay. They are in no wise, in respect to establishing the facts, in a worse situation by reason of the delay, or prejudiced thereby in any way that we can perceive. True, Mrs. Kropp's death made it impossible to obtain her version of the matter, but the same circumstance closed the mouth of plaintiff, and the only other person who had personal knowledge of the transaction, and did not testify, died soon after such transaction occurred. So it is considered that there is no legitimate ground for holding plaintiff guilty of laches sufficient to operate as a bar to a reformation of the notes and mortgage in accordance with the truth. In *Hartstein v. Hartstein,* 74 Wis. 1, the evidence and circumstances corroborative thereof were not as strong as here. The delay

was about ten years, yet a reformation was decreed by the lower court and sustained on appeal. Hartstein and wife deeded their property to their son to secure their support during life. It was agreed that in case of a sale of the property during their lifetime they should be paid $1,500, and in case of the son's death during such time they should be paid a like sum. Payment of the $1,500 and performance of the agreement for support were to be secured by a mortgage on the property. By mistake the agreement for support and mortgage failed to provide for the payment of the $1,500 in case of the death of the son during the lifetime of his parents. The papers were delivered to the parents, and the presumption that they read or heard them read before delivery was not rebutted in any way. No claim was made that the papers did not correctly state the agreement, till ten years had elapsed, and the son, the person who drew the papers, and the witnesses thereto were all dead. The father and mother were allowed to testify, and on the testimony of such interested parties, and that of one witness who testified that the son admitted to him an indebtedness of $1,500 to his parents, and the probability, under the circumstances, that the contract was as claimed, the reformation was granted. Much of the reasoning of Mr. Justice TAYLOR, who delivered the opinion of the court, applies to this case. Plaintiff and his wife, by the transaction in question, would naturally have made just such a contract as plaintiff claims was made, and not an agreement which would entirely deprive him of his property in case of the death of the wife during his lifetime. The situation of the parties and the probabilities respecting what would naturally be done by persons circumstanced as plaintiff and his wife were, all corroborate the claim of plaintiff. As before said, there is a strong probability that the agreement included the corporation stock as well as the notes and mortgage, but in view of the evidence to the contrary we cannot

sustain the judgment of the circuit court on that branch of the case.

That part of the judgment appealed from relating to the corporation stock must be reversed, and in all other respects it must be affirmed, and the cause remanded with directions to grant appellants the relief prayed for by them as to such stock. No costs are allowed to appellants on this appeal, except disbursements, including printing. The clerk's costs are to be paid by the appellants.

*By the Court.*— So ordered.

