PEDERSEN and wife, Respondents, vs. HANSEN and wife, Appellants.

*September 16—October 5, 1915.*

*Reformation of instruments: Mistake: Evidence: Sufficiency.*

Reformation of a contract for the conveyance of land to defendants was properly adjudged in this case, the evidence being clear, convincing, and satisfactory that by mistake the contract did not express the agreement of the parties in that it failed to state that defendants assumed a mortgage upon the land.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This action was brought to reform a written instrument. The court below found and concluded:

"(1) That the plaintiffs, *Jens N. Pedersen* and *Kirstine Pedersen,* are husband and wife, as are also the defendants, *Hans M. Hansen* and *Alma Hansen.*

"(2) That sometime in the month of March, 1912, and prior to the 8th day of April, 1912, the plaintiffs and defendants entered into a contract in writing for the exchange of plaintiffs' farm of 120 acres, more or less, in Monroe county, Wisconsin, being the premises described in paragraph 2 of the complaint, for defendants' house and lot in the city of Racine, Wisconsin, each to be taken at an equal valuation and title to be conveyed by each grantor free and clear of incumbrances, but the plaintiff *Jens N. Pedersen* was to pay $100 commission to the real-estate agents who brought the parties together.

"(3) That at the time of making said contract the plaintiffs' farm was subject to a mortgage of $1,700 and the defendants' property was subject to a mortgage of $3,400; and that the parties expected to carry out their contract by conveying the two properties and at the same time 'switching' or transferring the mortgages each from the property covered by it to the property taken in exchange, but the defendant *Hansen* was unable to induce the holder of the $3,400 mortgage to accept the farm as security and was unable otherwise to clear his title.

"(4) That thereupon it was agreed by the parties to leave the two mortgages undisturbed and that each should take the property of the other subject to the payment of the mortgage then existing thereon, and the defendants should pay to the plaintiffs the difference, or $1,700, in cash.

"(5) That for the purpose of carrying into effect the agreement as so modified, and intending so to do, the defendants conveyed to the plaintiffs, by quitclaim deed, the house and lot referred to, and plaintiffs accepted the same, subject to the said mortgage of $3,400, and the parties mutually signed a contract, bearing date April 8, 1912, for the conveyance of the farm to defendants upon payment of the sum of $1,700, a copy of which contract is set forth in said paragraph 2 of the complaint.

"(6) That said last mentioned contract, by mutual mistake of the parties and by an error of the scrivener, failed to express the true agreement of the parties in that it failed to state that the purchasers were to assume and pay the $1,700 mortgage on said farm, and in that the vendors agreed therein that upon payment to them of $1,700 they would convey said farm to defendants free and clear of incumbrances.

"(7) That in the fall of 1912 the defendants discovered the error in said contract and sought to take advantage thereof and make plaintiffs pay said $1,700 mortgage, and refused on demand to permit said contract to be corrected so as to conform to the real intent and agreement of the parties."

As conclusions: "(1) That there was a mutual mistake on the part of all the parties thereto, in said contract of April 8, 1912, as set forth in the complaint. (2) That the plaintiffs are entitled to a judgment herein reforming and correcting said contract by inserting therein, after the description of the premises contracted to be sold, a clause as follows: 'Said premises are subject to a mortgage held by one T. C. Longwell upon which there remains unpaid the principal sum of $1,700, which mortgage with the accrued interest the parties of the second part are to assume as part of the purchase price;' and further by inserting in said contract, after the words 'free and clear of all legal liens and incumbrances except the taxes herein agreed to be paid by the parties of the second part,' the following: 'and excepting also the $1,700 mortgage now on said premises, which is assumed as aforesaid by the parties of the second part;' also for the costs of the action to be taxed.

"Let judgment be entered accordingly."

*William W. Storms,* for the appellants.

For the respondents there was a brief by *Simmons & Walker,* and oral argument by *John B. Simmons.*

KERWIN, J. The vital question in this case is whether the findings are supported by the evidence. Counsel for appellants invokes the well settled rule that in order to warrant a court of equity in reforming a contract the evidence must be clear, convincing, and satisfactory.

The question, therefore, arises whether we can say that the proof was not sufficient to satisfy the rule. The trial judge, in a written decision which is part of the record, held that the evidence satisfactorily showed that a mistake had been made in reducing the agreement to writing and that it was not agreed that plaintiffs should assume the $1,700 mortgage.

We are of opinion that the views of the trial judge are correct and the findings well supported by the evidence. The difficulty in the present case is that while the proof is clear, convincing, and satisfactory as to what the agreement was, there was a mistake made in reducing it to writing, so that as written it did not express the agreement of the parties. Under such circumstances a court of equity will reform. *Wis. M. & F. Ins. Co. Bank v. Mann,* 100 Wis. 596, 76 N. W. 777; *Green Bay & M. C. Co. v. Hewitt,* 62 Wis. 316, 21 N. W. 216, 22 N. W. 588; *Lardner v. Williams,* 98 Wis. 514, 74 N. W. 346; *Kropp v. Kropp,* 97 Wis. 137, 142, 72 N. W. 381; *Grant M. Co. v. Abbot,* 142 Wis. 279, 124 N. W. 264; *Whitmore v. Hay,* 85 Wis. 240, 55 N. W. 708; *Lusted v. C. & N. W. R. Co.* 71 Wis. 391, 36 N. W. 857; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1.

*By the Court.*—Judgment affirmed.