SAYLES and others, Respondents, vs. CITY OF HARTFORD and others, Appellants.

*May 5—June 1, 1915.*

*Municipal corporations: Public improvements: Sewers: Special assessments: Restraining enforcement: Adoption of part of general charter: Validity: Limitation of actions: Statutes construed: Taxpayers' action: Protection of individual rights of parties: Judgment construed and restricted.*

1. Special assessments for public improvements cannot be levied upon private property unless by legislative authority and unless the prescribed method be followed in all substantial particulars.
2. A city incorporated by special act may adopt substantially the whole of the general charter plan relating to sewers (subch. XX, ch. 40*a*, Stats.), but has no power to adopt less.
3. Sec. 926—15, Stats.,—providing that in cities of the third and fourth classes where the whole or any part of the cost of a sewer is to be paid by special assessments, certain proceedings shall be had,—does not contain a grant of power, but is a mere regulation of the exercise of power where it already exists.
4. Sec. 926*a*, Stats.,—providing that no assumed adoption of the whole or any part of the general charter law shall be called in question or held invalid except in an action or proceeding brought directly for that purpose within three months after such assumed adoption,—relates to defects in the exercise of power, but does not apply where, as in this case, there is an absolute want of power.
5. A general taxpayers' action to enforce the right and duty of a city to refuse to pay public money upon an illegal contract for improvements may be maintained even though some of the plaintiffs have, by their conduct or laches, estopped themselves from asking relief as to their private rights.
6. If no estoppel is shown, the court may in such action deal with and protect also the individual rights of the parties to the record; but it should not restrain enforcement of special assessments against property of persons not before the court, and a judgment in general terms affecting such assessments may be construed and restricted so as not to apply to private property other than that of the parties.

APPEAL from a judgment of the circuit court for Washington county: MARTIN L. LUECK, Circuit Judge. *Modified and affirmed.*

Taxpayers' action to test a contract for constructing a sewer in the city of *Hartford,* Wisconsin.

The issues are indicated by the following trial determination:

January 16, 1912, the common council of the city of *Hartford,* Wisconsin, passed an ordinance, in form, adopting secs. 925—208 to 925—222, inclusive, and secs. 925—230 to 925—232, inclusive, Statutes of Wisconsin.

April 3, 1912, said council divided said city into two sewer districts.

February 6, 1912, said council, by resolution, made its members a committee on sewerage with the powers of a board of public works.

February 6, 1912, said council provided, by resolution, for publishing a notice of a plan for constructing a sewerage system for said city, prepared as per resolution of June 6, 1911, and open to inspection at the office of the city clerk; interested persons to have thirty days after the first publication to examine such plans and file objections, and council to hear such objections March 11, 1912, at 7:30 o'clock, at the council chamber.

Neither the suggested plan nor any other was adopted by such committee nor any one authorized to perform the duties of a board of public works.

No report was made by such committee of the sewers advisable to be constructed during the ensuing year nor as to constructing any particular sewer.

October 25, 1912, said council, by ordinance adopted under suspension of the rules, provided for construction, under the supervision of said committee, of some portions of the particular sewer.  Subsequent to such action a call was made for sealed proposals to furnish the material and construct such portions of the sewer.

Mulholland, Kuehn & Co. and *A. C. Schreiter* put in bids, that of the former being the lowest and they being responsible bidders and competent to do the work involved.   The council,

acting in good faith, awarded the contract to the last named bidder.

A contract was made, in form, accordingly, but there was no city attorney nor comptroller to act in the matter.

The agreement provided for payments to be made to contractors in assessment certificates so far as there were such available therefor; but no assessments had theretofore been made to provide a basis for such certificates.

February 27, 1913, such committee gave notice that it would make assessments against lots abutting on the streets where the sewer was to be put in and that objections thereto would be heard by such committee at a time and place specified. Pursuant thereto such committee met to hear objections but none were made and the committee adjourned without action.

March 18, 1913, at a meeting of the common council said committee reported the facts as aforesaid.

The assessments by such committee, claimed to have been adopted by said council March 18, 1913, were according to the frontage of each lot or part of lot or parcel of land abutting on the street regardless of whether there was any sewer construction in front thereof or not. There was 100 feet of the street in front of property in which plaintiffs were interested in which there was no sewer construction, nevertheless said council proposed to issue sewer improvement certificates in respect thereto.

In June, 1913, the contractor threatened to begin executing his contract in front of plaintiffs' property, and unless prevented from so doing he would have proceeded and certificates would have been issued purporting to be a charge against such property.

On such facts the court concluded that the general charter scheme in its entirety, was not adopted by the city and, therefore, no part was validly adopted; leaving the city without power to build a sewer at the expense of abutting property.

Judgment was therefore rendered restraining the contractor

from constructing any part of the particular sewer, enjoining payment for any work in that respect, and issuance of improvement certificates for any such work or coercing property owners to pay taxes purporting to be evidenced by such certificates, and for costs.

*John C. Russell,* attorney, and *Ernst Merton,* of counsel, for the appellants.

For the respondents the cause was submitted on the brief of *Sawyer & Sawyer.*

MARSHALL, J.  It is conceded that authority must be found in the written law for the proceedings which the trial court held to be invalid else the judgment must be affirmed, unless it is otherwise by principles of estoppel.

Public improvements cannot be legally made especially burdensome upon private property, in the absence of legislative authorization and the prescribed method being followed in all substantial particulars.  Evidently the common council of appellant city supposed authority was conferred to do the acts complained of by adoption of the general charter scheme for constructing sewers.  The trial court decided, as the fact is, that the city ordinance in respect to the matter only covered eighteen sections of the general city charter plan whereas there are thirty-eight of such sections; that the adoption proceedings came far short of an attempt to incorporate all of such plan into the written law of the city, and hence were void.  Counsel for appellants make a very ingenious argument to show that error was thus committed, but the question is really not open to discussion.

The ordinance discloses, clearly, that there was no attempt to adopt the whole of the general charter plan; that very material parts thereof were omitted.  The city had power to adopt substantially the whole, but none to adopt less.  So ruled in *State ex rel. Boycott v. Mayor, etc.* 107 Wis. 654, 84 N. W. 242, and several subsequent cases.

The decision below was grounded wholly upon the infirm-

ity mentioned and want of authority otherwise to levy special assessments for sewer construction. We are unable to find that there was such authority. Our attention is called to sec. 926—15, Stats., providing that in cities of the third and fourth class where the whole or any part of the cost of a sewer is to be paid by special assessments, certain proceedings shall be had. . That does not contain a grant of power, but is a mere regulation of the exercise of power where it exists.

Several other sections of the statutes are referred to, but they all refer to methods subsidiary to and in furtherance of power where that exists by some written law.

It is suggested that sec. 926a places a limitation of three months after adoption proceedings on the right to judicial interference to challenge their validity, and limits the remedy to direct proceedings. If that term applies to this case it is fatal to respondents. It does not apply. It relates to defects in the exercise of power. The difficulty here is absolute want of power.

It is suggested that some of the plaintiffs have used some part of the sewerage system and thereby, in connection with delay with knowledge of the facts, estopped themselves from maintaining this action. The primary difficulty with that is, this is a general taxpayers' action to enforce the right and duty of the corporation to refuse to pay public money upon an illegal contract. Though a person were precluded by some such conduct as that referred to from use of a judicial remedy to prevent his property from being burdened by a special assessment, the court might still recognize him as competent to invoke judicial power to prevent illegal use of the public funds. *McGowan v. Paul,* 141 Wis. 388, 123 N. W. 253. A city cannot be estopped by laches of individual taxpayers, neither can all taxpayers of a city be estopped by the conduct of some of them. This action was to vindicate the right of the city as an entity and that of taxpayers in general. An individual taxpayer might take such a course as to be unworthy of recognition as standing for the municipality

or for all taxpayers; but there was no conclusive showing of that sort in this case.

Serious complaint is made because the judgment was extended so as to nullify certificates, if any existed, issued against respondents' abutting property and that of others not appearing and complaining. That concerns mere individual rights. However, we see no reason why the court could not properly deal with such rights as to the parties of record, notwithstanding the primary right involved is, as to them, as before indicated.

We are unable to see any clear case of estoppel from asking relief as to their private rights. They protested against the particular sewer being constructed at public expense, or partly that and partly at the expense of abutting property. As soon as it appeared that such protest would not be honored this action was commenced. Substantially no work had theretofore been done and none was done thereafter except what was necessary to restore the street. Respondents have occupied an adversary status from the first as to such particular sewer.

It may be that the judgment went too far in nullifying special assessments as to persons not actually before the court and complaining. They may have been willing to have their property burdened for the purposes of the sewer. Respondents answer that by saying that, no such certificates were issued and the judgment was not intended to prevent payment for work actually done nor interfere to prevent abutting owners from submitting to special assessment if they saw fit. With that concession it seems that the judgment should be so construed and restrained as not to go further than the proper scope of a taxpayers' action and to restrain enforcement of special assessments against the property of the persons before the court and complaining.

*By the Court.*—The judgment appealed from is construed and restricted as stated in the opinion, and as so construed and restricted it is affirmed.