Town of Grand Chute, Respondent, vs. Herrick and others, Appellants.
Same, Appellant, vs. Same, Respondents.

*May 4—June 13, 1916.*

*Highways: Powers of town board: Irregular exercise: Moneys expended under void statute: Contributed moneys: Recovery from members of board.*

1. Independent of ch. 337, Laws 1911 (secs. 1317m—1 to 1317m—15, Stats. 1911), a town board had power under secs. 1223, 1232, Stats., to expend money of the town upon its highways.
2. Where, prior to the decision (*State ex rel. Carey v. Ballard*, 158 Wis. 251) holding invalid a part of ch. 337, Laws 1911, a town

board, acting in good faith under that statute, turned over to the county treasurer a certain sum belonging to the town and an equal sum contributed by a group of freeholders, and said sums, together with moneys of the county and state, were expended pursuant to said act of 1911, under the supervision of the highway commission, upon a highway in the town, such action of the board was merely an irregular exercise of the power which it had under secs. 1223, 1232, Stats.; and the town having received full benefit of its money so expended and the electors having taken no action to restrain such expenditure, the town cannot recover such money from the members of the board.

3. Nor can the money contributed by the freeholders be recovered by the town. Such money having been voluntarily paid to the town for a special purpose and having been expended for that purpose, the contributors have no claim therefor against the town.

APPEALS from a judgment of the circuit court for Outagamie county: CHESTER A. FOWLER, Judge. *Affirmed on plaintiff's appeal; reversed on defendants' appeal.*

This action was brought by plaintiff, town of *Grand Chute,* a duly organized and existing town in Outagamie county, against the defendants *I. J. Herrick, G. L. Finkle,* and *Joe Kohl,* who constituted the town board of said town of *Grand Chute,* and *A. F. Petersen,* town clerk, and *Henoch Caliebe,* town treasurer of said town, to recover $1,630 with interest from the 2d day of February, 1914, this amount being $815 expended by the town board of the plaintiff town under ch. 337, Laws 1911, upon one of the highways of said town, and also the sum of $815 which was paid into the treasury of said town by a group of freeholders of Outagamie county under said ch. 337, Laws 1911.

The case was tried by the court, and it was held that plaintiff was entitled to recover the $815 expended by the town board, but was not entitled to recover the $815 contributed by the group of freeholders of Outagamie county, and judgment was rendered accordingly, from which both parties appealed to this court.

For the plaintiff there was a brief by *Morgan & Benton,* and oral argument by *Homer H. Benton.*

For the defendants *Herrick, Finkle, Kohl,* and *Petersen,* there was a brief by *Julius P. Frank,* attorney, and *Ryan, Cary & Frank,* of counsel, and oral argument by *J. P. Frank.* *Albert H. Krugmeier,* for the defendant *Caliebe.*

Kerwin, J.   There is little dispute upon the facts.   The court below held that the appropriation of the $815, ·money of the town, was unlawful and constituted an unlawful diversion of public funds by the town board; that the plaintiff was not estopped to recover because of delay in bringing suit or by' not commencing action to ·enjoin improvement of the road or the use of the funds of the town therefor.

The improvement of the highway in question was commenced during the summer of 1913, and in September, 1913, when the work was abandoned, the sum of $3,595.30 had been expended upon this highway, which money had been advanced by Outagamie county under a resolution of the county board of said county.   Of the amount advanced $1,630 was the share of the state of Wisconsin under the provisions of ch. 337, Laws 1911, and $1,630 the share of Outagamie county, and the balance, $335.30, was a portion of the town's share, also advanced by the county.

The whole amount expended on the improvement of the highway in question was $5,098.67, of which amount the taxpayers of the plaintiff town contributed $815.   At the town meeting April 5, 1914, a resolution was adopted by the electors authorizing the newly elected town officers to commence action to recover the $815.   No part of this money was actually expended until June 30, 1914, and the work was completed August 4th thereafter .and the present action commenced October 24, 1914.

It appears from the record that at the time of the annual meeting in April, 1913, there was on hand in the road and bridge fund of the plaintiff $1,611.31, and thereafter and up to March, 1914, additions were made to this fund which raised the total to $3,458.96, and during that time orders

were issued against said fund amounting to $3,392.61, which included the two orders of $815 each involved in this action.

It is true that no money had been raised by the town of *Grand Chute* specifically for road purposes, but a tax levy of six mills for the year 1913 for general town purposes included road work in said town, and the money appropriated by the defendants was from this source, except the $815 contributed by freeholders.

We shall first consider the defendants' appeal. The main question turns on whether there was a want of power on the part of the town board or an irregular exercise of power in the expenditure of the $815 town money. It may be that if there was a lack of power on the part of the defendant to act at all in the matter, under the doctrine of *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Milwaukee v. Binner,* 158 Wis. 529, 149 N. W. 211; *Wilcox v. Porth,* 154 Wis. 422, 143 N. W. 165; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964, and similar cases, the judgment below against the defendants should be sustained.

The question here, however, is not one of lack of power, but one of irregular exercise of power. Nor can there be any doubt about the good faith of the defendants in expending the money as they did. They were acting under a law which they believed, and had a right to believe, was valid. They were expending money for highway purposes, which they had a right to do under provisions other than ch. 337, Laws 1911.

True, they were attempting to act under the 1911 law, the so-called force clause of which has been declared unconstitutional by this court (*State ex rel. Carey v. Ballard,* 158 Wis. 251, 148 N. W. 1090), and in pursuance thereof the $815 was paid over to the treasurer of Outagamie county and the money expended under the supervision of the highway commission and in accordance with plans and specifications previously prepared.

Our statute, sec. 1232, makes it the duty of the superin-

tendent of highways to repair and keep in good order highways within the town, etc. There can be no doubt but the matter is under the supervision of the town board and it may exercise a discretion in regard to how and by whom the work shall be done. Even in its action in turning the money over to the county and allowing the work to be done in the manner in which it was done, the failure of the board to strictly follow the statute was merely an irregular exercise, not a want, of power. It had the power to spend the money on the highway independent of the law of 1911, and, while it may have exercised such power irregularly, the town received the benefit of the money expended in the execution of a duty imposed upon the defendants as officers of the plaintiff town. The town board is charged with the care and supervision of the highways of the town. Secs. 1223, 1232, Stats.; *Remington v. Ward,* 78 Wis. 539, 47 N. W. 659.

In the instant case the plaintiff not only received the benefit of the money of the town expended upon the highway in question, but also of a large amount of money belonging to the state and county, which was also expended upon this highway. It appearing, therefore, that the money was in good faith expended by the defendants for highway purposes and the town board having the right to expend it independently of the 1911 law, and the plaintiff having received full benefit of such money so expended and the electors having taken no action to restrain such expenditure, the town cannot maintain this action to recover the same. *Thomson v. Elton,* 109 Wis. 589, 85 N. W. 425; *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798; *Putnam v. Rubicon,* 32 Wis. 498; *Mt. Vernon v. State ex rel. Berry,* 71 Ohio St. 428, 73 N. E. 515, 2 Am. & Eng. Ann. Cas. 399 and note on p. 403.

In regard to plaintiff's appeal little need be said. We think it clear that the court below was right in holding that the $815 contributed by the group of freeholders cannot be recovered from the defendants in this action. The contribu-

tion by the freeholders was a voluntary payment. The money was expended for the purpose and in the manner for which it was paid by the freeholders, therefore they have no claim against the town for repayment. *Newburgh Sav. Bank v. Woodbury,* 173 N. Y. 55, 65 N. E. 858.

The matter is well stated by the learned trial judge in his opinion in the court below as follows:

"The $815 deposited by the freeholders did not belong to the town. It belonged to the freeholders. They paid it to the town to be used for a special purpose. It had been used for that purpose, in fact. It having been used as they petitioned and they having received what they desired and demanded, they have no cause to complain. They cannot recover the money from the town."

*By the Court.*—That part of the judgment appealed from by the plaintiff is affirmed, and on defendants' appeal that part of the judgment awarding the plaintiff judgment against the defendants is reversed, and the action remanded with directions to dismiss the complaint. Defendants to recover costs in this court.