ELLEFSON, Appellant, vs. SMITH and others, Respondents.

*December 12, 1923—January 15, 1924.*

*Municipal corporations: Contracts not let according to law: Action in equity to compel restoration of moneys paid: Good faith.*

1. A contract with a city of the fourth class, operating under the general charter law, for building a reservoir, if intentionally let by the city officers without specifications being on file with the city clerk and without advertising for bids as required by statute, could not be one made in good faith. p. 401.
2. Public officers take their offices *cum onere,* and cannot plead neglect or refusal to comply with their duties according to law to escape the penalties provided, such failure or refusal to obey the law constituting malfeasance in office, under sec. 4549, Stats. p. 401.
3. Money paid by the city, under the circumstances of this case, could not be recovered in a taxpayer's action, where the reservoir was a public necessity and there appeared to the city officers to be an emergency owing to the lateness of the season, and the city has the full benefit of the improvement at a fair price, and where the property so built for the city cannot be turned over to the defendants. p. 403.

APPEAL from a judgment of the circuit court for Crawford county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

An action in equity to compel the restoration to the city treasury of certain moneys paid out for the building of a water reservoir by the city.

Ellefson v. Smith, 182 Wis. 398.

Viroqua is a city of the fourth class operating under the general charter law. In 1921 it was engaged in putting in a waterworks system, and as a part thereof let a contract to the defendant *Connelly* to build a reservoir. The reservoir was built according to the contract and *Connelly* was paid therefor out of the city treasury. This action was thereafter begun to compel the mayor, aldermen, city treasurer, city clerk of the city, and such contractor, to restore to the city treasury the money so paid to the contractor, on the ground that the law had not been complied with in letting the contract and in paying the money, in this: the contract was let without advertisements for bids; it was let without competition for bids; no profile or specifications were provided as required by law, and the contractor furnished no bond.

The defendants admit that the provisions of law respecting the letting of contracts in cities of the fourth class for public work were not followed, but set up as their defense that the taxpayers and citizens of the city of Viroqua generally knew, or should have known, that the work was being done; that the work was properly done at a reasonable cost; that it was necessary and a benefit to the city; that the city thereupon made use of the reservoir, and that it was, and is, an integral part of its water system; that the contract was let in good faith and all the defendants acted in good faith in letting the contract; that the plaintiff was guilty of laches; and that it is against equity and good conscience to require defendants to pay back the money by which the city has been enriched. The case was tried before the circuit court, which found in substance as follows: The plaintiff is a resident and taxpayer of the city of Viroqua, and brought this suit in behalf of himself and all other taxpayers; that the city of Viroqua is a city of the fourth class operating under general charter; that at a regular meeting of the common council on December 6, 1921, the council voted to let the contract in question without advertising for bids, and authorized the mayor and clerk to sign the contract; that the said contract

was thereafter entered into between the city and *Connelly;* that prior to the making of said contract no plans and specifications for said reservoir were on file with the city clerk, as required by law, no bids were made pursuant to law, and no advertisement for bidders, as provided by law, was had; that the defendant *Connelly* was paid by the city the contract price of $5,450; that the plaintiff in this action had no knowledge of the making of the contract or the circumstances under which it was made until a few days before the beginning of this action; that the reservoir was constructed within the limits of the city, near a main traveled highway leading into the city, and information concerning the construction thereof was printed on several occasions in the weekly newspaper published and circulated in said city; that the construction of said reservoir was discussed on the streets and in business places generally during the period of the progress of the work; that the reservoir constitutes an integral and necessary part of the waterworks system, and ever since its construction has been used as a part thereof by the city; that the contract price was fair and reasonable, and the city has received the full benefit of the money expended; that during all the proceedings and transactions in connection with the construction all the defendants acted in good faith; that this suit was not begun until after the reservoir had been fully constructed and paid for; and as conclusions of law the court held that the construction of the reservoir was for a legitimate municipal purpose; that it would be unjust and inequitable to require the defendants to pay into the city treasury the expense thereof; and that the plaintiff's complaint should be dismissed. From the judgment entered in accordance with the findings and conclusions of law of the court the plaintiff appeals.

*C. W. Graves* and *J. Henry Bennett,* both of Viroqua, for the appellant.

For the respondents there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *William Ryan.*

CROWNHART, J.   The defendants, respondents on appeal, are the mayor, city clerk, treasurer, and members of the common council of the city of Viroqua, and the contractor who built a reservoir for the city water system.   The contract for building the reservoir was let by the city officials without specifications being on file with the city clerk and without advertising for bids, contrary to the statutes of the state applicable thereto.   The reservoir was built and payment made to the contractor of the contract price of $5,450.   This action was brought to compel restitution by defendants to the city treasury of the sum so paid.

The circuit court held that the defendants in good faith let the contract and paid therefor.   We may say at the outset that there can be no good faith, in law, where a public statute is intentionally ignored or violated.   Laws are made to be enforced, and public officials are bound to execute the laws as enacted.   They take their offices *cum onere,* and cannot plead neglect or refusal to comply with their duties according to law to escape the penalties provided.   Such failure or refusal to obey the law constitutes malfeasance in office. Sec. 4549, Stats.   We interpret the court's finding, however, to mean no more than that the parties entertained an honest belief that the interest of the city was best served by the method adopted.

This action, however, is in equity to compel restitution of money paid out of the public treasury, and equitable principles apply.   If the action was to restrain execution of the contract or payment thereunder, the action would lie: *Sayles v. Hartford,* 161 Wis. 136, 152 N. W. 853; *McGowan v. Paul,* 141 Wis. 388, 123 N. W. 253; *Kircher v. Pederson,* 117 Wis. 68, 93 N. W. 813; *Ricketson v. Milwaukee,* 105 Wis. 591, 81 N. W. 864; if the contract had been tainted by fraud or collusion, recovery could be had: *Webster v. Douglas Co.* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451; *Willard v. Comstock,* 58 Wis. 565, 17 N. W. 401; if the officers had gone beyond the power of the city to contract, restitution might be enforced: *Northern Trust Co. v. Snyder,* 113 Wis.

516, 89 N. W. 460; *Wilcox v. Porth,* 154 Wis. 422, 143 N. W. 165; *Balch v. Beach,* 119 Wis. 77, 95 N. W. 132; *Etsell v. Knight,* 117 Wis. 540, 94 N. W. 290; or, if the defendants were contumacious in flying in the face of court proceedings to restrain their action, they might be held to a strict accountability: *Neacy v. Drew,* 176 Wis. 348, 187 N. W. 218; *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Webster v. Douglas Co.* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451; and if the city had been defrauded in any way by the illegal action of its officers and the contractor, we should have no hesitation in compelling the guilty parties to return the money to the city treasury.  But this is not such a case.  Here the city had the power to build a reservoir.  The reservoir was, and is, a public necessity.  It was built at a fair price.  It has been accepted by the city and is in use as a necessary part of the water system.  There appeared to the officials to be an emergency, owing to the lateness of the season, to let the contract promptly to save increased cost owing to freezing of the ground.  The officials believed the welfare of the city would be best served by letting the contract without waiting for bids.  They were advised by a civil engineer of experience, in the city's employ, as to the reasonable cost of such a structure.  The officials profited not at all by the contract, nor does it appear that the city suffered in any way by the failure of the officials to comply with conditions precedent to letting a valid contract. The contract was let at a regular public meeting of the council, the work was done in full public view, and it was a matter of public comment in the press and discussion among the citizens.

The plaintiff taxpayer did not know of the contract or the failure of the officials to comply with the law until shortly before he commenced the action.  But he is suing in a representative capacity, and the court found facts from which it would seem that the taxpayers generally must have had more or less knowledge of the actual facts while the

work was proceeding and before it was commenced. Viroqua is a small city and such matters of importance to the city would hardly escape general notice. We do not, however, base our decision on laches of the taxpayers plaintiff.

The case is one where the city has the full benefit of the improvement necessarily made, the price was fair, and the city cannot turn over to the defendants the property so built for the city. A court of equity does not sit to inflict punishment, but rather to do justice on well-defined principles. We do not recognize any appeal to conscience in this matter. No one has been injured in his person or property rights. And, as was said by Mr. Justice WINSLOW in *Frederick v. Douglas Co.* 96 Wis. 411, at p. 426 (71 N. W. 798):

"Were a court of equity to make this judgment under the circumstances, we should regard it as having become an engine of oppression, rather than an instrument of justice."

That was a case where an experienced attorney did work for the county under an illegal contract. He had received some $1,200 as part payment for his services. This court permitted him to retain the money already received but denied further recovery. It would be unconscionable to require a greater degree of care upon the part of laymen in executing a contract than upon an able, experienced lawyer. This case falls well within the principle of the *Frederick Case*. Other cases supporting this view to a greater or less extent are: *Grand Chute v. Herrick,* 163 Wis. 648, 158 N. W. 315; *Lafebre v. Board of Education,* 81 Wis. 660, 51 N. W. 952; *Thomson v. Elton,* 109 Wis. 589, 85 N. W. 425.

*By the Court.*—The judgment of the circuit court is affirmed.