215 P.2d 608

HENDERSON et al. v. McCORMICK et al.

No. 508.

Supreme Court of Arizona.

March 6, 1950.

Snell, Wilmer, Walsh, Melczer & Beauchamp, of Phoenix, for appellants.

Edward B. Ashurst, of Wickenburg, for appellees.

FAIRES, Superior Judge.

The plaintiffs (appellees) as property owners and taxpayers of the Town of Wickenburg, a municipal corporation, brought this action in the Superior Court against William J. Henderson and Taylor Henderson, David J. Jones, Russell E. Stone, Oliver Heuloth, Ed C. Hill, Bernard Hill, and the Town of Wickenburg, a municipal corporation. William J. Henderson was sued as an individual, Taylor Henderson as an individual and as a member of the Town Council, and Bernard Hill as the Town Clerk. The remaining individual members were sued as members of the Town Council of the Town of Wickenburg.

The amended complaint alleges that while defendant Taylor Henderson, the uncle of defendant William J. Henderson, was a member of the Town Council in April of 1947, defendant William J. Henderson "did buy and purchase * * * from the Town of Wickenburg for the use and benefit of himself and his uncle Taylor Henderson, copartners, doing business under the name of Henderson Plumbing and Supply Company," a certain 1936 Chevrolet truck in violation of Section 12-401, A.C.A.1939. It is further alleged that Bernard Hill, Taylor Henderson, and

William J. Henderson conspired to violate the laws of the State of Arizona and that in furtherance of said conspiracy Bernard Hill as Town Clerk sold and conveyed the truck to William J. Henderson, one of the joint conspirators. The remaining defendants as members of the Town Council were alleged to have ratified and approved the said sale, it being alleged that said motor vehicle was sold pursuant to said conspiracy for use by said copartnership, and that the reasonable rental value of the said truck was $10 per day. This was followed by an allegation that the town had been deprived of the rental value and use of said truck to its damage in the sum of $850. Exemplary damage in the sum of $50,000 was sought. Judgment was prayed not only for monetary damages but for a decree directing the return of the truck to the Town of Wickenburg.

In answering the amended complaint defendants admitted that at the time this sale was made to William J. Henderson, Taylor Henderson and William J. Henderson were copartners engaged in the plumbing business; that the plaintiffs are taxpayers of the Town of Wickenburg; that the town owned the truck; that it was sold to William J. Henderson and was used by him; and that the council approved the sale. The answer sets up the defense that the plaintiffs failed to state a claim upon which relief could be granted; and that the plaintiffs did not have the capacity to maintain their action on the merits. Defendants specifically denied that any of the acts charged against them were illegal or unlawful or were done for any unlawful purpose and denied generally all of the other allegations of the complaint, and allege affirmatively that as the truck was not serviceable the sale of it was in the interest of the town.

The trial was before a jury and upon its conclusion the court granted a motion for a directed verdict made by defendant Bernard Hill, the town clerk, but denied the motion as to the remaining defendants. The court submitted the case against the other defendants to the jury upon a special interrogatory as to the interest of defendant Taylor Henderson and for a general verdict on the question of damages.

The jury by its answer to the special interrogatory found that Taylor Henderson, a member of the Town Council, was interested, either directly or indirectly, in the purchase of the truck, but in their general verdict they found that no damages had been sustained by the plaintiffs and otherwise found generally for the defendants. Judgment was entered adjudging that the sale of the truck by the town to defendant William J. Henderson was void and ordering that the truck be restored and returned to the Town of Wickenburg by defendants William J. Henderson and Taylor Henderson.

It appears from the evidence that the truck in question, by reason of its defec-

tive mechanical condition, had been out of commission for about four months prior to the sale, and that extensive repairs would have been required to place it in operating condition; hence, as it was, it had no rental value.

The Town Council, prior to the 11th day of April, 1947, had directed the Town Clerk to sell the truck and to call for bids on same, notice of which was given by publication. Pursuant to the published call, three bids were submitted ranging from $175 to $225, the highest bid being that made by defendant William J. Henderson, which was formally accepted and the truck was accordingly sold to him. The lowest bid of $175 was made by plaintiffs' own witness, who testified as an expert and whose undisputed testimony was that the truck was not worth any more than the amount of his bid. It thus appears without dispute that the sale to Henderson was financially advantageous to the town and its taxpaying inhabitants.

It further appears from the record that the Town of Wickenburg, through its governing body, declined to be joined as party plaintiffs in the action and did not elect to disaffirm or set aside the sale, as it obviously considered the sale an advantageous one.

In substance the foregoing recitals constitute the facts developed at the trial. Defendants' motion for a new trial being denied, this appeal followed.

This action was instituted pursuant to the provisions of Section 12-401, A.C.A. 1939, which reads as follows: *"Officers not to be interested in public contracts. —Members of the legislature, state, county, city and precinct officers shall not be interested directly or indirectly (indirectly) in any contract or in any sale or purchase made by them in their official capacity, or by any body or board of which they are members. Every contract, sale or purchase made in violation hereof, may be avoided at the instance of any party except the officer interested."*

The assignments of error are, briefly, that the trial court erred in denying the motion of defendants (other than the defendant Bernard Hill, Town Clerk) for a directed verdict made at the end of the case. Several legal propositions are advanced in support thereof, only one of which we will quote, since we consider it to be sound and determinative of this appeal. "That a taxpayer can maintain a taxpayer's action only in the event some financial loss or injury has been suffered or is threatened on the part of the municipal corporation, on behalf of which the taxpayer institutes the action."

Appellees urge that they fall within the express provisions of the statute, Section 12-401, supra, wherein it purports to confer upon "any party" the right to avoid such a contract of sale as we have here under consideration on the mere ground of illegality. Under what circum-

stances the town or the purchaser of town property might qualify as persons entitled to avoid the contract is a question not before us, and no attempt will be made to express any opinion thereon. We do not believe, as suggested by appellants, that the words "any party" confine the right of action to the immediate parties to an illegal contract. Nor do we believe that the words "any party" include strangers, non-residents, citizens of the state or of this particular town, though literally the term appears to be all inclusive. In conformity with sound reason and the decisions of many courts we do hold that the words should be construed to include a taxpayer of the town whose right to maintain the action depends upon his ability to show some pecuniary loss to taxpayers as a class.

It is clear that, the Town of Wickenburg having received all that the truck was worth, the only right to be vindicated by its return to the municipality was the securing of a determination that the sale was within the prohibition of Section 12-401, supra. We are convinced that such a determination cannot be accomplished by a taxpayer's suit in the absence of proof of pecuniary loss to the taxpayers.

The authorities universally uphold the rule that a taxpayer may maintain an action only when such taxpayer and taxpayers as a class have sustained or will sustain pecuniary loss. In McClutchey v. Milwaukee County, 239 Wis. 139, 300 N.W. 224, 917, 137 A.L.R. 628, the Supreme Court of Wisconsin announced the rule as follows: "We are of the opinion that the dismissal of the complaint was proper for the reason that under the facts involved a taxpayer's action does not lie. It is fundamental that in order to maintain such an action the taxpayer and taxpayers as a class must have sustained or will sustain some pecuniary loss. (Citing cases.) * * *"

The case of Ellefson v. Smith, 182 Wis. 398, 196 N.W. 834, was an action in equity to compel the restoration to the City Treasurer of certain monies paid out where the officials failed to comply with statutory requirements precedent to letting a valid contract. The court found that if the city had gone beyond its powers to contract, restitution might be enforced; and if the city had been defrauded in any way by the legal action of its officers and the contract, relief would be granted; that the officials did not profit by the contract nor did it appear that the taxpayer's interest suffered by the failure of the officials to secure bids before awarding the contract. The price was fair; the contract was let in full public view at a regular meeting of the Town Council. The principle announced by the Wisconsin court in this case well applies to the case at bar though there is no similarity in the facts involved. See also Frederick v. Douglas County, 96 Wis. 411, 71 N.W. 798; Town of Grand Chute v. Herrick, 163 Wis. 648, 158 N.W. 315; Lafebre v. Board of Education of

City of Superior, 81 Wis. 660, 51 N.W. 952; Thomson v. Town of Elton, 109 Wis. 589, 85 N.W. 425.

In Western New York Water Co. v. City of Buffalo et al., 242 N.Y. 202, 151 N.E. 207, 208, the court said:

"Mere illegality is not enough. The very nature and purpose of a taxpayer's action, like the present one, presume that there will be more than illegality in order to enable him to intervene. The basic theory of such an action is that the illegal action is in some way injurious to municipal and public interests, and that, if permitted to continue, it will in some manner result in increased burdens upon, and dangers and disadvantages to, the municipality and to the interests represented by it and so to those who are taxpayers. It was not the intention of the statute that a taxpayer shall be allowed to intervene and bring to the decision of the courts every act of a municipal officer which may be claimed to be illegal. * * *" "This rule limiting such a right of action is firmly established and was so recently and fully stated by this court in the case of Altschul v. Ludwig, 216 N.Y. 459, 111 N.E. 216, that it seems unnecessary to repeat or attempt to amplify it at any great length. It was there said: 'The mere illegality of the official act in and of itself does not justify injunctive relief at the request of the taxpayer. To be entitled to this relief, when waste or injury is not involved, it must appear that, in addition to being an illegal official act,

the threatened act is such as to imperil the public interest or calculated to work public injury or produce some public mischief.' "

See also Illinois Anti-Vivisection Society v. Chicago, 289 Ill.App. 391, 7 N.E.2d 379; Kasch v. Peoples Hospital Co., 54 Ohio App. 80, 5 N.E.2d 1020; Loomis v. McCahey, 297 Ill.App. 479, 17 N.E.2d 1015; Wright v. Nashville etc. Co., 183 Tenn. 594, 194 S.W.2d 459; Pugh v. Polk County, 220 Iowa 794, 263 N.W. 315; Mississippi Road Supply Co. v. Hester, 185 Miss. 839, 188 So. 281, 124 A.L.R. 574; 52 Am.Jur., Taxpayers' Actions, Sec. 21.

The rule of law announced in the cases cited by appellees that a taxpayer's action will lie to test the legality of the action of a municipal governing body, irrespective of pecuniary loss, grew out of the interpretations of statutes which confer express authority so to do, which authorization we do not find in our statutes. Many of the other cases cited by counsel for appellees have to do with public money being paid out under illegal contracts which fall under the generally accepted rule that a taxpayer may enjoin the unlawful payment of public money. Nothing of this sort is involved here.

■ Equity does not interfere with the action of administrative officers of a municipality at the suit of a taxpayer unless the taxpayer and his class have sustained or will sustain some pecuniary loss, and it must affirmatively appear by the com-

plaint that such loss will occur. 4 Dillion, Mun. Corp. (5th) Section 1586.

The complaint fails to allege any capital loss and the proof fails to show any pecuniary loss (capital or rental) to the taxpayers of the Town of Wickenburg by reason of the action of the members of the Town Council in selling the truck in question to the highest bidder.

There is unanimity in the authorities that where the plaintiffs as taxpayers, or the taxpayers as a class, sustain no injury, a court of equity is powerless to grant relief. Therefore we deem it unnecessary to directly pass upon other propositions of law raised by appellants in their brief.

The suit was improvidently brought by plaintiffs and to uphold the judgment of the lower court would encourage disgruntled citizens to resort to the courts in the guise of taxpayers' suits, thereby, in effect, taking over and throttling the administration of municipal affairs. The learned trial court should have granted the motion for an instructed verdict as to all of the defendants.

The judgment is reversed and cause remanded with directions to dismiss the amended complaint.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.

Justice M. T. PHELPS being disqualified as he was the trial judge, the Honorable C. FAIRES, Judge of the Superior Court of Gila County, was called to sit in his stead.