589 P.2d 476

**John VARGA, Plaintiff-Appellant,**

**v.**

**Joel D. VALDEZ, in his capacity as City Manager and Chief Administrative Officer of the City of Tucson, and the City of Tucson, a municipal corporation, Defendants-Appellees.**

**No. 2 CA–CIV 2897.**

Court of Appeals of Arizona, Div. 2.

Dec. 15, 1978.

**234**

R. Lamar Couser, Tuscon, for plaintiff-appellant.

Frederick S. Dean, Tucson City Atty. by Thomas J. Wilson, Deputy City Atty., Tucson, for defendants-appellees.

## OPINION

HATHAWAY, Judge.

Appellant filed a declaratory judgment action alleging that the City of Tucson was violating A.R.S. Sec. 34-201 C by not submitting to competitive bidding work that would exceed $5,000 in total cost. The work involved a replacement of water lines of the City of Tucson Municipal Water Util-

ity. Appellant alleged that the City was violating the competitive bidding statute by using its force account labor for the project. It is conceded that the total cost of the work involved exceeded $5,000.

Appellees filed a motion to dismiss the complaint on the grounds that: (1) it failed to state a claim upon which relief could be granted because it did not allege actual or imminent damage; (2) A.R.S. Sec. 34-201 C does not apply to the operation of a water utility; and (3) operation of the water utility is a proprietary function of a chartered city and not subject to the statutes.

Appellant filed a motion for summary judgment and opposed appellees' motion to dismiss. The trial court granted appellees' motion to dismiss, ruling that a claim for relief had not been stated because A.R.S. Sec. 34-201 C does not apply to the laying of water pipes by the City in the operation of its water utility.

We affirm the dismissal of appellant's complaint. Our affirmance, however, is based upon appellant's lack of standing.

Appellant did not allege that he was a property owner serviced by the City of Tucson Water Utility, nor did he allege that he was a contractor precluded from bidding on water utility work by the city's actions. There was no allegation that the city's actions resulted in the performance of work at a greater cost than if it had been done by private sector contractors, or that the work was of a quality inferior to what it would be if accomplished through competitive bidding. Indeed, no damage was alleged.

■ Ordinarily, a taxpayer may not sue unless there is, or will be, pecuniary damage. 64 C.J.S. Municipal Corporations § 2143, at 958-959 (1950). In *Henderson v. McCormick,* 70 Ariz. 19, 215 P.2d 608 (1950), a suit brought by a taxpayer of the City of Wickenburg to void the sale of a truck by the city to the nephew of a member of the Wickenburg City Council, the Supreme Court held that pecuniary loss was essential to maintenance of a taxpayer's suit, reasoning that:

"Equity does not interfere with the action of administrative officers of a municipality at the suit of a taxpayer unless the taxpayer and his class have sustained or will sustain some pecuniary loss, and it must affirmatively appear by the complaint that such loss will occur. 4 Dillion, Mun.Corp. (5th) Section 1586.

The complaint fails to allege any capital loss and the proof fails to show any pecuniary loss (capital or rental) to the taxpayers of the Town of Wickenburg by reason of the action of the members of the Town Council in selling the truck in question to the highest bidder.

There is unanimity in the authorities that where the plaintiffs as taxpayers, or the taxpayers as a class, sustain no injury, a court of equity is powerless to grant relief. Therefore we deem it unnecessary to directly pass upon other propositions of law raised by appellants in their brief. The suit was improvidently brought by plaintiffs and to uphold the judgment of the lower court would encourage disgruntled citizens to resort to the courts in the guise of taxpayer suits, thereby, in effect, taking over and throttling the administration of municipal affairs. The learned trial court should have granted the motion for an instructed verdict as to all of the defendants."

■ Accepting all the material allegations of appellant's complaint as true, he has not directed us to any theory of law under which he is appropriately entitled to relief. We are therefore of the view that he has not shown standing to maintain the action and it should have been dismissed because of this deficiency.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concurring.