NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

JEWISH COMMUNITY RELATIONS COUNCIL OF GREATER
PHOENIX, et al., *Plaintiffs/Appellants*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0343
FILED 2-2-2023

---

Appeal from the Superior Court in Maricopa County
No.  CV2022-001875
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

---

COUNSEL

DLA Piper US LLP, Phoenix
By Craig M. Waugh, Laura E. Sixkiller
*Co-counsel for Plaintiffs/Appellants*

American Civil Liberties Union of Arizona, Phoenix
By Jared G. Keenan, Benjamin L. Rundall
*Co-counsel for Plaintiffs/Appellants*

DLA Piper US LLP, Baltimore, MD
By Adam J. Pie, Michael Bakhama
*Co-counsel for Plaintiffs/Appellants*

Arizona Attorney General's Office, Phoenix
By Drew Curtis Ensign, Jeffrey L. Sparks, Robert J. Makar, Ginger Jarvis
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

**H O W E**, Judge:

¶1　　　Jewish Community Relations Council of Greater Phoenix, Paul Rockower, and Alan Zeichick ("Council"), appeal the trial court's order granting a motion to dismiss for the State of Arizona and Arizona Department of Corrections, Rehabilitation & Reentry ("State"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　The Council is an Arizona nonprofit corporation that purports to advocate for Jewish residents and taxpayers in Arizona. Paul Rockower, the Council's executive director, and Alan Zeichick, a Council member, are taxpaying Arizona residents.

¶3　　　The Arizona Constitution provided that the death penalty be administered by lethal gas until November 1992, when Arizonans adopted Proposition 103 to establish lethal injection as the method of execution. *See* Ariz. Const. art. 22, § 22; A.R.S. § 13–757. Since then, only one Arizona convict was executed by lethal gas.

¶4　　　Recently, the State moved for a warrant to execute two death-row convicts. State officials purchased enough cyanide and other chemicals to execute them with lethal gas. The State also inspected, refurbished, and recertified a gas chamber. As a result, the Council sued the State seeking (1) a declaratory judgment that execution by cyanide gas was a cruel and unusual punishment under the Arizona Constitution, and (2) a permanent injunction to enjoin the State from purchasing and using cyanide gas for capital punishment. During World War II, Nazi Germany used hydrogen cyanide gas to exterminate Jews and other minority groups in concentration camps. The Council argued that the State offended taxpaying Holocaust survivors, reminding them of their trauma.

2

¶5        The State moved to dismiss, arguing that the Council lacked standing, the claim was not ripe, and the complaint failed to state a claim that the use of lethal gas was unconstitutional. The court granted the motion and dismissed the complaint for lack of standing, finding that the Council had not alleged a "distinct and palpable injury." The court found that the funds used to purchase the gas were nominal. The court also found that the connection between the injury and illegal act was "quite remote," noting that convicts sentenced to death before November 1992 could choose between lethal injection and lethal gas. Seventeen convicts currently had this choice. Of the two convicts whose executions were imminent at the time, no one had chosen a gas execution. The court added that the Council had not argued that the death penalty or lethal gas were unconstitutional but only requested that the law exclude cyanide gas, which was a policy matter under the scope of the legislature. We take judicial notice that after the court's ruling, both convicts were executed by lethal injection. The Council timely appealed.

## DISCUSSION

¶6        The Council argues that it has standing because the State illegally expended taxpayer dollars to purchase cyanide gas for capital punishment, violating the Arizona Constitution's prohibition of cruel and unusual punishment. We review the trial court's grant of a motion to dismiss and questions of standing de novo. *Mills v. Ariz. Bd. of Tech. Registration*, 253 Ariz. 415, 420 ¶ 10 (2022); *Brush & Nib Studio, LC v. City of Phoenix*, 247 Ariz. 269, 279 ¶ 34 (2019). In reviewing a motion to dismiss, this court "assumes the truth of all well-pled factual allegations and indulges all reasonable inferences therefrom." *Swift Transp. Co. of Ariz. L.L.C. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 383 ¶ 3 (App. 2020) (quoting *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008)).

¶7        Unlike the United States Constitution, the Arizona Constitution does not have a "case or controversy" requirement to establish standing. *See* U.S. Const. art. III, § 2, cl. 1; Ariz. Const. art. VI; *see, e.g.*, *Sears v. Hull*, 192 Ariz. 65, 71 ¶ 24 (1998). Arizona courts are not, therefore, "constitutionally constrained" to impose standing minimums, but follow the doctrine of prudential standing, which we apply "as a matter of judicial restraint" to avoid issuing advisory opinions and ensure cases are ripe and "fully developed between true adversaries." *Mills*, 253 Ariz. at 423 ¶ 23 (quoting *City of Surprise v. Ariz. Corp. Comm'n*, 246 Ariz. 206, 209 ¶ 8 (2019)); *Sears*, 192 Ariz. at 71 ¶ 24. Parties establish standing to bring a constitutional challenge by alleging a "distinct and palpable injury" that "result[s] from the putatively illegal conduct." *Mills*, 253 Ariz. at 423 ¶ 24 (quoting *Sears*,

192 Ariz. at 69 ¶ 16); *Sears*, 192 Ariz. at 70 ¶ 23. A "generalized harm shared by all or by a large class of people is generally insufficient." *Mills*, 253 Ariz. at 423 ¶ 24.

¶8 Arizona taxpayers generally "may enjoin the illegal expenditure of taxpayer dollars." *Welch v. Cochise Cnty. Bd. of Supervisors*, 251 Ariz. 519, 524 ¶ 18 (2021); *Rodgers v. Huckelberry*, 247 Ariz. 426, 429–30 ¶¶ 11–14 (App. 2019) ("[A]n allegation of an illegal expenditure has generally been held sufficient to establish standing[.]"); *Smith v. Graham Cnty. Cmty. Coll. Dist.*, 123 Ariz. 431, 432 (App. 1979). But taxpayers must "demonstrate a direct expenditure of funds that were generated through taxation, an increased levy of tax, or a pecuniary loss attributable to the challenged transaction of a municipality." *Dail v. City of Phoenix*, 128 Ariz. 199, 202 (App. 1980); *see also Smith*, 123 Ariz. at 433–34 (holding that the taxpayer is not required to show pecuniary loss to have standing). "[T]he taxpayer must first show some interest beyond a general desire to enforce the law." *Dail*, 128 Ariz. at 202. Thus,

> '[m]ere illegality is not enough. The very nature and purpose of a taxpayer's action, like the present one, presume that there will be more than illegality in order to enable him to intervene. The basic theory of such an action is that the illegal action is in some way injurious to municipal and public interests, and that, if permitted to continue, it will in some manner result in increased burdens upon, and dangers and disadvantages to, the municipality and to the interests represented by it and so to those who are taxpayers . . . To be entitled to this relief, when waste or injury is not involved, it must appear that, in addition to being an illegal official act, the threatened act is such as to imperil the public interest or calculated to work public injury or produce some public mischief.'

*Id.* (quoting *Henderson v. McCormick*, 70 Ariz. 19, 24 (1950)).

¶9 Here, the trial court properly granted the State's motion to dismiss based on lack of standing. Although the Council showed that taxpayer funds were used to purchase cyanide and other chemicals, as well as to inspect and refurbish the gas chamber, the Council did not allege a distinct and palpable injury "resulting from the putatively illegal conduct." *See Sears*, 192 Ariz. at 70 ¶ 23. Merely alleging that the expenditures were illegal, without demonstrating a present injury resulting from these expenditures, fails to establish standing. *Cf. Rogers*, 247 Ariz. at 429

¶¶ 11–12 (holding taxpayers had standing to challenge county's illegal expenditures in selecting contractors in violation of competitive bidding statute).

¶10 First, the purchase of the gas and refurbishment of the gas chamber were legal expenditures. Arizona courts have never found that execution by lethal gas is cruel and unusual punishment. *See, e.g.*, *State v. Spears*, 184 Ariz. 277, 291 (1996) (holding that convict's challenge to lethal gas as cruel and unusual punishment had "no merit"); *State v. Lopez*, 175 Ariz. 407, 417 (1993) (rejecting argument that lethal gas is cruel and unusual punishment). While the Arizona Constitution provides that the manner of execution is by lethal injection, convicts sentenced to death before November 1992 are entitled to choose between lethal injection and gas. *See* Ariz. Const. art. 22, § 22; A.R.S. § 13–757; *State v. McCray*, 218 Ariz. 252, 259 ¶ 27 (2008). If they fail to choose, the default method is lethal injection. Ariz. Const. art. 22, § 22; A.R.S. § 13–757(B).

¶11 Second, the purchased gas and refurbished gas chamber have not been used. Less than 20 convicts remain on death row who were convicted and sentenced to death before November 1992. No convict has currently elected to be executed by lethal gas. Thus, the Arizona Constitution's cruel and unusual punishment provision has not been triggered. Nor has the underlying psychological injury—that the Council alleged would occur in carrying out a cyanide gas execution—materialized.

¶12 The Council specifies that it challenges the use of cyanide gas, not lethal gas in general. But the decision to explicitly exclude cyanide gas from the Arizona Constitution and corollary statutes should be left to the legislature. Because the Council has not alleged a distinct and palpable injury, it lacks standing.

## CONCLUSION

¶13 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA