Cross and others vs. Bowker and others.

Cross and others, Respondents, vs. Bowker and others, imp., Appellants.

102  497
106  150
106  151

*February 27 — March 14, 1899.*

*Equity: Setting aside conveyance: Laches.*

An aged couple conveyed their entire property, a homestead of ten acres, to a married daughter, E., in consideration of an agreement on her part to support them during their lives and to support an unmarried daughter so long as she remained single,— all to reside upon the premises. The grantee resided on the land but a few months, and then moved away and ceased to support her parents and sister, who continued, however, to reside there until the father's death a year and a half later, no steps being taken to rescind the conveyance. Immediately after the father's death another daughter and her husband, J., moved upon the premises, and within a few months J. obtained a deed of the premises from E., expressing a consideration of $50. The mother and the unmarried daughter subsequently consented in writing to the conveyance to J. and to his assumption of the contract for support, and he continued thereafter to perform that contract to the satisfaction of the beneficiaries. No objection on the part of the other heirs was made until after the death of the mother about two years later. *Held*, that said heirs were guilty of such laches as would preclude them from asserting any right they might have had upon the death of their father to a rescission of the conveyance and a revesting of the title in his heirs.

Vol. 102 — 32

Cross and others vs. Bowker and others.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Reversed.*

Cyprian Bowker and Abigail, his wife, conveyed their homestead of ten acres, by warranty deed, to their married daughter, Ella Tice, with no consideration except a written agreement by Ella Tice with said grantors and *Ida Bowker*, their unmarried daughter, in which, in consideration of the conveyance of the described land, she " covenants and agrees to care for and support the said Cyprian Bowker and Abigail Bowker during the term of their lives, and to care for and support said *Ida Bowker*, daughter of said Cyprian and Abigail Bowker, during such time as she remains single." Residence of all parties was contracted to be upon the premises. The deed was recorded at once, and the contract on March 28, 1893. All parties resided on the premises from date of the deed, November 30, 1892, until the following April, when Ella Tice and her husband moved to Minnesota. The old people and *Ida* continued to reside on the premises until the father's death, November 8, 1894, whereupon, on November 15, 1894, defendant *Frank A. Jones*, husband of another daughter, and his wife, moved onto the premises, and from that time forward have resided there and furnished support to Abigail Bowker and *Ida*. Shortly afterwards, namely, in January, 1895, a warranty deed of the premises was made by Ella Tice and her husband to *Frank A. Jones*, for an expressed money consideration of $50; and, in November of that year, Abigail and *Ida Bowker* signed a written consent to such conveyance and to the assumption and performance of the support contract by *Frank Jones*. There is no definite proof that he expressly entered into such an agreement; but various items of evidence through the transactions indicate that that was the purpose and understanding upon which he moved to the premises upon the father's death. He then had knowledge of the existence and terms of that agreement, as well as that it had not been performed by Ella Tice.

Cross and others vs. Bowker and others.

There is no evidence of objection or complaint by any of the beneficiaries of that contract, either before Ella and her husband left the premises or afterwards; and no steps were taken at any time to rescind or set aside the conveyance, nor to insist upon performance of the contract. Abigail Bowker, the mother, after a lingering illness, died September 5, 1896. The ability of the father to work the lands and support his family therefrom is not disclosed. Cyprian Bowker died intestate, leaving no other property, and the plaintiffs are five of his children and heirs at law, while the defendants are the other three of his children, together with their husbands.

The action is to set aside the conveyance by Cyprian Bowker and wife to Ella Tice, and the conveyance by Ella Tice to *Frank A. Jones*, and for an accounting of rents and profits, on the ground that the agreement which constituted the sole consideration for the former conveyance had not been performed. The defendants *Ida Bowker* and *Frank A. Jones* and his wife answered. The other defendants did not appear. The trial court found in favor of the plaintiffs, and from a judgment setting aside the conveyances the above named defendants appeal.

*F. W. Houghton*, for the appellants.

For the respondents there was a brief by *Felker, Stewart & Felker*, and oral argument by *F. C. Stewart* and *C. W. Felker*.

Dodge, J. It is sharply contested in this case whether, upon the doctrine laid down in *Bogie v. Bogie*, 41 Wis. 209, and following cases, any cause of action in equity to set aside the deed and revest title in the parent grantor becomes so completely vested as to survive by virtue of sec. 4253, R. S. 1878, unless the grantor in his lifetime in some manner exercises his election to pursue that remedy rather than to enforce the contract for support by legal action, or to seek other redress inconsistent with the rescission of the convey-

ance.   It is also a subject of controversy whether, if any such cause of action becomes so vested and survives, the survival is to the heirs or to administrators.   We do not, however, in this case, find it necessary to decide either of these questions.   We think the conduct of the plaintiffs is such as to preclude them from seeking from a court of equity the relief here demanded, namely, the entire rescission of the conveyance and revesting in the heirs at law of the title to the homestead thereby conveyed.   It appears by the findings that since November, 1894, the present holder of the title, *Jones*, has been performing the contract for support to the satisfaction of its beneficiaries, and is still performing it; that such conduct has been open and notorious; and that such performance has been upon the faith of the conveyance of the land to him, and the assent thereto by the beneficiaries of the contract for support.   The plaintiffs, if they desired to enforce a right to rescind the conveyance and take from both Ella Tice and the defendant *Jones* the land conveyed, could as well have acted in 1894 as at the present time.   Inasmuch as this action addresses itself to the broadest of the equitable powers of the court, a form of relief resulting in such hardship to the defendant by reason of this delay on the part of the plaintiffs should not be accorded to them.   Their delay until after the death of their mother, thereby subjecting the defendant to the burdens resulting from her support in her old age and last illness, has brought about such a situation that the relief prayed, even if otherwise equitable to them, would be inequitable to the defendant, and ought not to be granted.   *Frederick v. Douglas Co.* 96 Wis. 415.

*By the Court.*— Judgment reversed, and cause remanded with directions to dismiss the complaint.