.Foote, Appellant, vs. Harrison and others, imp., Respondents.

*January 7—January 26, 1909.*

*Equity: Laches: Reasonable time: Fraudulent conveyances: Constructive notice: Appeal and error: Review: Scope: Limitation of actions: Accrual of right: Creditor's suit.*

1. Equity discourages stale demands and will not aid one who has been guilty of gross laches.

2. The rule of laches is applied by a court of equity according to its ideas of right and justice and independently of any prescribed period of time, the reasonableness of the time depending upon the facts and circumstances of each particular case.

.3. The record of a deed by a third person to the children of a judgment debtor is not of itself constructive notice to the judgment creditor of its fraudulent character or that the judgment debtor was an interested party to the conveyance.

.4. On appeal from an order sustaining a demurrer to a complaint the appellate court cannot go beyond the facts stated in the complaint.

.5. For the purposes of the statutes of limitation a cause of action in favor of a judgment creditor, to reach lands alleged to have been conveyed in fraud of creditors, is deemed to have accrued upon the discovery of the facts constituting the fraud.

APPEAL from an order of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

The plaintiff is a resident of Chicago, Illinois. November 10, 1888, the defendant *William H. Harrison* made a promissory note for the sum of $1,000, dated Richmond, Illinois, payable one year from date to the order of the plaintiff, with interest at the rate of seven per cent. November 13, 1895, judgment was rendered on this note in the circuit court for Kenosha county, and on the succeeding day the judgment was docketed in the office of the clerk of the court. Execution issued in the county of Kenosha was returned entirely unsatisfied. Thereafter an execution issued in the county of Adams, some land was attached, and a small sum was

realized on a sale thereof. The plaintiff by this action seeks to subject to execution in favor of his judgment certain lands which are alleged to be in fact owned by the judgment debtor, although the title is in his children. At the time of giving the note practically all of the property which is involved in the present litigation, which is fully described in the complaint, was owned by the defendant *William H. Harrison*, the maker of the note. Prior to the rendition of the judgment on the note it had been sold under foreclosure decrees. Thereafter, by transfers through several parties, the title to the part of the property involved herein was conveyed May 25, 1897, to *Kirk L. Harrison, Orville E. Harrison,* and Harriet M. Harrison, children of *William H. Harrison*. Plaintiff alleges that *William H. Harrison* furnished the consideration for the transfer, that the transfer was made to his children at his direction and for the purpose of defrauding his creditors, particularly the plaintiff, and that *William H. Harrison* is the beneficial owner and is now the occupant thereof. Harriet M. Harrison married and has died intestate, leaving her husband and one child. Her husband resides in Illinois and her daughter with her grandparents on the land in controversy. *Kirk L. Harrison* and *Orville E. Harrison* and his wife reside outside of this state. The wife of *William H. Harrison* resides with him. *Laura M. Snyder,* the other defendant, is the owner of a mortgage executed by the owners of the legal title to the property.

Plaintiff alleges that on July 17, 1907, he first knew that the land herein involved had been conveyed to the three children of *William H. Harrison;* that by inquiry immediately thereafter he first learned that the defendant *William H. Harrison* was the real owner and was in control and possession thereof; that he had paid the consideration for its transfer to his children and had fraudulently procured the making of the deed to his children. A demurrer to the original complaint was sustained by the court and plaintiff

given leave to file an amended complaint upon the usual terms. The amended complaint states the facts as given above. A demurrer to the amended complaint was sustained upon the ground that the plaintiff had been guilty of laches in acquiring knowledge of the alleged fraudulent transactions. This is an appeal from the order of the court sustaining the demurrer.

*Elwood G. Godman,* attorney, and *Peter Fisher,* of counsel, for the appellant.

For the respondents there was a brief by *Cavanagh & Barnes,* and oral argument by *C. D. Barnes.*

Siebecker, J. The trial court sustained a demurrer to the complaint upon the ground that the facts alleged in it show that plaintiff was wanting in due diligence in the enforcement of his claim against the judgment debtor. It is a well-established rule that a court of equity will not lend its aid to a party who has been guilty of gross laches in the enforcement of his rights and that it will discourage stale demands. As declared in *Rogers v. Van Nortwick,* 87 Wis. 414, 429, 58 N. W. 762:

"A court of equity applies the rule of laches according to its ideas of right and justice, and the courts have never prescribed any specific period applicable to every case, like the statute of limitations; and what constitutes a reasonable time within which the suit must be brought depends upon the facts and circumstances of each particular case."

Under these rules the question is whether the facts alleged show that plaintiff was guilty of laches in the enforcement of his claim against *W. H. Harrison,* the judgment debtor. The facts stated are that the land in question was conveyed in May, 1897, by a third party to the children of *W. H. Harrison,* the judgment debtor, and that *Harrison* paid the consideration and has a beneficial interest in the property. It is not stated when *Harrison* went into posses-

sion of the property, or how long he had been in actual control and possession of the premises prior to July 17, 1907, when plaintiff alleges he first obtained actual knowledge of the fact that *Harrison* had an interest in the property. Nor does it appear when the deed to the Harrison children was recorded. Upon the assumption that it was recorded soon after its execution, the question is whether plaintiff's conduct, under the circumstances, shows such laches in the matter that he should not be permitted to invoke the aid of equity to enforce his claim against this land as the property of *Harrison,* title to which is alleged to have been taken in the names of his children, through collusion with them, to hinder, delay, and defraud his creditors.

At the outset it is claimed that if the deed to the children be assumed as having been recorded soon after its execution, such record was constructive notice to plaintiff, and he was thereby apprised of facts concerning the ownership which would have led a man of ordinary diligence to make inquiry and would have led him to discover the facts he now alleges as showing a fraudulent transaction, and hence that the six-year statute of limitation began to run at the time of such conveyance. We find no warrant for such a claim in the decisions of the courts of other jurisdictions cited to our attention. Those cases wherein the recording of the conveyance was held to give constructive notice of its fraudulent character and cause the statute of limitation to run from the date of the record were conveyances wherein the grantor stood charged with having fraudulently conveyed to defraud his creditors. We need not determine whether such a rule is to be approved by this court, for we have no such case before us. The judgment debtor is not a party to the deed, nor does it appear in any way from the record that he was in any way connected with the conveyance or had any interest in the property conveyed. Under such circumstances, record of this deed cannot in any respect be said to convey informa-

tion that *Harrison* was an interested party to the conveyance or that he had a beneficial interest in the property conveyed. We therefore hold that the record of the deed from *McConnell* to *Harrison's* children could not operate to give plaintiff constructive notice of the fraud charged in the complaint.

The question remains whether the facts alleged show that plaintiff, in the light of right and justice, was guilty of such gross laches that he in good conscience ought not to be permitted to proceed with the prosecution of this action. The conveyance to the children was executed in May, 1897, ten years and more before the action was begun. It seems that the trial court regarded the length of time from the making of the deed to the time the action was begun as sufficient in itself to show laches, upon the theory that plaintiff's ignorance of the fraud he now alleges was the result of his omission to learn of the deed to the children. We do not regard this position as tenable, for, if plaintiff soon after its execution had in fact discovered that such a conveyance had been made, it did not put him in possession of facts which would charge him with such knowledge of the transfer as would naturally lead a diligent person to make inquiry concerning the good faith of the transfer, nor is it suggestive of other facts which would disclose the alleged fraud.

Another material fact respecting plaintiff's laches is the length of time the judgment debtor, *Harrison,* has been in possession and control of the premises. The allegation on this subject is that he was in possession and control on July 17, 1907, when plaintiff states he obtained actual knowledge of the fraud, and that he had so been in possession and control for some time. It must also be considered that plaintiff resided in another state and at such a distance from this property that we cannot presume he observed, or with proper diligence should have observed, whether *Harrison* was so using and treating this property as to suggest that he had an interest in it as owner. What the proof will be under these

allegations respecting the charge of laches we cannot conjecture. Upon this appeal we cannot go beyond the facts stated in the complaint, and upon them we find no ground for holding that plaintiff has been guilty of such laches that he is precluded in right and justice from prosecuting this action. We must hold that the court erred in sustaining the demurrer to the complaint upon the ground of laches. The facts as stated in the complaint show that plaintiff did not discover the facts constituting the fraud until July, 1907, when the cause of action is deemed to have accrued. Therefore the action is not barred by the statute of limitation.

*By the Court.*—The order appealed from is reversed, and the cause remanded with the direction that the court enter an order overruling the demurrer to the complaint, and for further proceedings according to law.