Bur, Respondent, vs. Bong and another, Appellants.

*November 17, 1914—February 9, 1915.*

*Mortgages: Foreclosure: Limitation of actions: Interest: Adverse possession by mortgagor or his grantee: Equity: Laches: Delay in enforcing mortgage.*

1. A mortgage may be foreclosed although action on the note secured thereby is barred by limitation; and in such foreclosure action interest may be recovered on the principal sum if the mortgage and note provide for interest.

2. Possession of mortgaged premises by the mortgagor is presumed to be in subordination to the rights of the mortgagee, until it is shown to be in fact adverse; and this rule applies to a purchaser from the mortgagor, where the mortgage was duly recorded prior to the conveyance, although the purchaser had no actual notice thereof.

3. Possession does not become adverse in such a case without some distinct and positive act on the part of the occupant sufficient to

bring to the mortgagee's notice the hostile character of the possession.

4. An action to foreclose a mortgage, like other equitable actions, is subject to be defeated by the equitable defense of laches; and even where the action is not barred by the statute of limitations relief may be denied, in case of unjustifiable delay, where enforcement of the mortgage would lead to unconscionable and inequitable results.

5. As between mortgagor and mortgagee in this case, the mere failure of the latter, for a period of nineteen years, to collect interest or take any steps to foreclose the mortgage security, was not such laches as should preclude enforcement of the mortgage.

6. But as against a grantee of a part of the mortgaged premises who paid full value therefor and afterwards made improvements without actual knowledge of the mortgage, although it was recorded, a delay by the mortgagee for nineteen years to assert any claim under the mortgage, resulting in an accumulation of interest exceeding the amount of the principal, and otherwise seriously prejudicing the grantee's interests, constituted such laches that the court should refuse to enforce the mortgage against the part so conveyed.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed as to one defendant; affirmed as to the other.*

Plaintiff brings this action to foreclose a mortgage and for the sale of the property mortgaged. In 1890 the defendant *Bong* was the owner of lot 14 and an undivided three-ninths of lots 15 and 16 in block 42 in the city of Green Bay. In 1891 he mortgaged his interest in this real estate to one Vroman. The remaining six-ninths of lots 15 and 16 were owned by the children of *Bong*. In 1892 *Bong* became possessed of the title to another one-ninth of lots 15 and 16, and on July 18, 1893, he executed a mortgage to the plaintiff on lot 14 and on the undivided four-ninths of lots 15 and 16. This mortgage was recorded. The notes given to evidence the original indebtedness, the last one due October 5, 1894, have long since become barred by the six-year statute of limitations. The court found that $750 of the principal, secured by the mortgage, remained unpaid; that no interest has ever

been paid on the principal; and that there is now $926.73 due as interest. . The court awarded judgment for the recovery of these sums and of foreclosure of the mortgage and sale of the premises embraced in the mortgage.

In 1894 Vroman foreclosed his mortgage on the three-ninths of lots 15 and 16 and received a deed therefor. In 1897 he conveyed his three-ninths in lot 15 to one Schauer by quitclaim deed and *Bong* conveyed to Schauer his undivided one-ninth and the five children conveyed to Schauer one-ninth each. By these conveyances he became owner of the entire nine-ninths of lot 15, but the one-ninth conveyed by *Bong* was subject to this mortgage of the plaintiff. None of these quitclaim deeds made any mention of the mortgage. In October, 1898, Schauer conveyed by warranty deed lot 15 to *Bertha M. Holland,* which deed was recorded the same day. She built a house on this lot and has remained in possession thereof ever since. The plaintiff's mortgage was executed and recorded in July, 1893. The defendant *Bertha M. Holland* has held possession of the premises since October, 1898, until the commencement of this action in January, 1913, and has paid the taxes. She had no actual knowledge of the existence of plaintiff's mortgage and has been in exclusive possession of the premises as owner of the land. The defendant *Bong* has been and now is the owner of the one-ninth of lot 16 mortgaged by him to the plaintiff, and has since acquired a larger interest therein.

Upon these facts, which were undisputed, the court held that the plaintiff was entitled to judgment of foreclosure and sale of the undivided interest in lots 15 and 16. From such judgment this appeal is taken.

The cause was submitted for the appellants on the brief of *J. H. M. Wigman,* and for the respondent on that of *Greene, Fairchild, North, Parker & McGillan.*

Counsel for the appellants cited, among other authorities, on the question of adverse possession, *Stevens v. Brooks,* 24

Wis. 326, 329; *Sydnor v. Palmer,* 29 Wis. 226, 250; *Kelley v. McKeon,* 67 Wis. 561, 31 N. W. 324; *Ill. S. Co. v. Budzisz,* 139 Wis. 281, 329, 119 N. W. 935, 121 N. W. 362; *Dikeman v. Parrish,* 6 Pa. St. 210, 225; *Meyer v. Hope,* 101 Wis. 123, 126, 77 N. W. 720; *Bartlett v. Secor,* 56 Wis. 520, 14 N. W. 714; 2 Jones, Mortg. (6th ed.) § 1211. And upon the question of laches, Story, Eq. Jur. (13th ed.) § 1520; *Patterson v. Hewitt,* 195 U. S. 309, 25 Sup. Ct. 35; *Sheldon v. Rockwell,* 9 Wis. 166, 181; *Combs v. Scott,* 76 Wis. 662, 667, 45 N. W. 532; *Coon v. Seymour,* 71 Wis. 340, 37 N. W. 243; *Fisher v. Vaughn,* 75 Wis. 609, 44 N. W. 831, 833; *Kelly v. G. B., W. & St. P. R. Co.* 80 Wis. 328, 335, 50 N. W. 187.

Counsel for the respondent contended, *inter alia,* that the possession of a mortgagor, or any one claiming under him, must be deemed to be in subordination to the lien of the mortgage until proved to be adverse, citing many authorities. On the question of laches a distinction should be made between an action such as this, to enforce a statutory right, and a purely equitable action. *Calhoun v. Millard,* 121 N. Y. 69, 82, 24 N. E. 27; *Burns v. Cooper,* 140 Fed. 273; *Richey v. Sinclair,* 167 Ill. 184, 47 N. E. 364; *Newton v. Evers,* 77 Misc. 619, 137 N. Y. Supp. 507. Mere lapse of time, short of the statutory period of limitation, is insufficient to constitute laches. *Hartstein v. Hartstein,* 74 Wis. 1, 41 N. W. 721; *Ellis v. Southwestern L. Co.* 102 Wis. 400, 78 N. W. 747; *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571; *Demuth v. Old Town Bank,* 85 Md. 315, 37 Atl. 266; *Swatts v. Bowen,* 141 Ind. 322, 40 N. E. 1057; *Sprague v. Lovett,* 20 S. Dak. 328, 106 N. W. 134; *Shelden v. Warner,* 45 Mich. 638, 8 N. W. 529.

The following opinion was filed January 12, 1915:

SIEBECKER, J. The plaintiff's right to foreclose his mortgage, although the note secured by the mortgage is barred by

the statute of limitations, has been well established by the decisions of this court. *Wiswell v. Baxter,* 20 Wis: 680; *Knox v. Galligan,* 21 Wis. 470; *Phelan v. Fitzpatrick,* 84 Wis. 240, 54 N. W. 614; *Duecker v. Goeres,* 104 Wis. 29, 80 N. W. 91. The mortgagee under such circumstances is also entitled to recover interest on the principal sum if the note and mortgage provide for the payment of interest. *Wiswell v. Baxter, supra.*

The defendants contend that the plaintiff has lost his interest and rights to their property by reason of their adverse possession of the premises as against him and all others claiming any interest therein. There is no dispute but that plaintiff obtained a valid mortgage covering an undivided one-ninth interest in lots 15 and 16 on July 18, 1893, which mortgage was duly recorded and remains unsatisfied of record to the present time. The mortgagor, *Bong,* defaulted in the payment of the sum of $750 of the original indebtedness and of the interest which accrued on the entire principal after the same became due, which the court found now amounts to $926.73. The circuit court found that there is due the plaintiff from the defendant *Bong* these sums, amounting to $1,676.63, and that plaintiff's rights under these mortgages have not been cut off by adverse possession of the premises on the part of *Bong* or *Bertha M. Holland.* The general rule is that possession of the premises by the mortgagor is presumed to be in subordination to the rights and interests of the mortgagee or purchaser under foreclosure sale until it is shown that such possession was in fact adverse to the rights and interests of the mortgagee in the premises. *Avery v. Judd,* 21 Wis. 262; *Wright v. Sperry,* 25 Wis. 617; *Seeley v. Manning,* 37 Wis. 574.

The mortgage being duly recorded when *Bong* deeded his interest in lot 15 to Schauer and he to defendant *Holland,* it requires some distinct act of denial on their part, of being in possession in subordination to plaintiff's rights, to terminate

the acknowledged relation existing between the plaintiff as mortgagee and the mortgagor, *Bong,* and those holding under him to set adverse possession running. The record of the mortgage is constructive notice to all subsequent purchasers of the mortgagee's rights in the premises. Under such circumstances the mortgagor and those holding under him continue to hold in subordination to the mortgagee's rights, unless it be shown that their possession was in fact inconsistent with and adverse to the rights of the mortgagee. *Maxwell v. Hartmann,* 50 Wis. 660, 8 N. W. 103; *Neilson v. Grignon,* 85 Wis. 550, 55 N. W. 890; *Erwin v. Lewis,* 32 Wis. 276. The evidence fails to show any facts, aside from plaintiff's long delay in enforcing his claim, which tend to show that the defendants had entered into the possession of the premises and occupied them inconsistent with and adverse to the rights of the plaintiff as mortgagee under his recorded mortgage. Their possession could not, under the circumstances, become adverse except by positive and direct acts on their part sufficient to convey and bring to plaintiff's notice their hostile possession as to him. This, as the court found, is not established by the evidence, and therefore the claim that plaintiff lost his rights under the mortgage upon this ground must fail.

It is contended that the plaintiff by his laches is precluded from enforcing the mortgage. In the case of *Rogers v. Van Nortwick,* 87 Wis. 414, 58 N. W. 757, this court declared that:

"A court of equity applies the rule of laches according to its own ideas of right and justice, and the courts have never prescribed any specific period applicable to every case, like the statute of limitations; and what constitutes a reasonable time within which the suit must be brought depends upon the facts and circumstances of each particular case."

The court also there quotes approvingly the following:

"No rule of law is better settled than that a court of equity will not aid a party whose application is destitute of con-

science, good faith, and reasonable diligence, and will discourage stale demands, for the peace of society, by refusing to interfere where there have been gross laches in prosecuting rights, or where long acquiescence in the assertion of adverse rights has occurred."

In the recent case of *Likens v. Likens,* 136 Wis. 321, 117 N. W. 799, this court, referring to the nature and application of this defense, stated:

"The defense of laches does not depend upon any statute of limitation, but is in the nature of an equitable estoppel, and operates as a bar upon the right to maintain an action by those who unduly slumber upon their rights. There is no fixed rule as to the lapse of time necessary to bar a suitor in a court of equity. Each case must stand upon its own particular facts. Great lapse of time, if reasonably excused and without damage to the defendant, has been ignored; while slight delay, accompanied by circumstances of negligence, apparent acquiescence, or change of defendant's position, has been held sufficient."

Other cases in this court wherein the doctrine was involved and applied or rejected according to justice and right, under the facts and the circumstances of the case, are: *Kropp v. Kropp,* 97 Wis. 137, 72 N. W. 381; *Cross v. Bowker,* 102 Wis. 497, 78 N. W. 564; *McCann v. Welch,* 106 Wis. 142, 81 N. W. 996; *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571; *Foote v. Harrison,* 137 Wis. 588, 119 N. W. 291; *Russell v. Fish,* 149 Wis. 122, 135 N. W. 531.

As respondent asserts, the fact that the statute of limitations has run against the debt evidenced by the notes is not a bar to an equitable action for enforcing the mortgage lien against the property; the plaintiff has the right to enforce it any time within twenty years. The action is equitable in its nature and, like all rights sought to be enforced in our courts, it is subject to be defeated by the equitable defense of laches, as recognized in the law. This question arose in *McCann v. Welch, supra,* and the court there, speaking through Justice

Dodge, said: "Courts of equity, however, are not dependent on statutes of limitation for their right to deny hearing to those who unduly have slumbered on their rights." While express limitation statutes have somewhat modified the position of courts in equitable actions, nevertheless exercise of its judgment to deny relief in cases of unjustifiable delay to enforce a right is not taken away by such statutes. The reason sustaining the doctrine is that justice and right may require that a party be denied the use of the courts because he has negligently slept on his rights, thereby inducing a feeling of security in others that no adverse claim exists, and that enforcement thereof under the circumstances leads to unconscionable and inequitable results between the parties to the transaction. Mere delay within the statutory period of limitation is not in itself considered sufficient to bar the enforcement of a right, but if gross neglect has operated to lead the other party into a position where enforcement of the asserted right would operate to prejudice the other's beneficial interests, then equity charges the result to the negligent party and precludes him from asserting his right by refusing him the use of the courts to enforce it. The fact that plaintiff's right arises out of a money demand and a mortgage which was given to secure it, and duly recorded, does not exempt him from the operation of such defense if under the facts and circumstances his conduct and long delay in asserting such right is without reasonable explanation and he apparently acquiesced in the belief that no rights would be asserted under the mortgage, and such delay misled defendants to their prejudice, so that an enforcement of the mortgage would lead to unconscionable and inequitable results between the parties.

The evidence in the case showing the relationship of the parties and their conduct in dealing with the matters in issue is not voluminous and clearly shows the facts surrounding the transaction and the relationship of the parties. It appears that the defendant *Bong,* the mortgagor, defaulted in his pay-

ment of $750 of the principal sum due on the notes evidenc-
ing his indebtedness to the plaintiff and that he at no time
paid any interest due on the principal of the debt, which had
been due over eighteen years, and that the interest due at the
time of the trial, part of which had been due over nineteen
years, amounted to $926.73. As between the plaintiff, the
mortgagee, and the defendant *Bong,* the mortgagor, the facts
show nothing out of the usual relationship that exists between
debtor and creditor aside from plaintiff's delay in taking any
steps to collect any interest whatsoever for this period of over
nineteen years, nor had he taken any steps for eighteen years
and over to collect the balance of $750 of the principal debt.
Plaintiff's explanation is that he is related to the defendant
*Bong* and that he did not desire to press him for payment and
believed *Bong* would pay some time. While this conduct is
most extraordinary and does not readily harmonize with the
idea that plaintiff regarded the claim against *Bong* as a sub-
sisting one, yet there is nothing showing that this extraordi-
nary delay in any way misled *Bong* to his prejudice. *Bong*
knew that he owed the debt and that he was primarily liable
therefor. It was his legal duty to take affirmative steps to
pay the debt and he cannot, therefore, complain of plaintiff's
neglect to take any steps to enforce the mortgage security, nor
can he, under the facts and circumstances, justifiably claim
that such neglect of plaintiff misled him in the matter to his
prejudice.

The facts and the circumstances of the case showing the re-
lationship of plaintiff and the defendant *Mrs. Holland* pre-
sent a totally different situation. As above stated, the mort-
gage securing this debt embraces a one-ninth interest in lot
15, owned by *Mrs. Holland* since 1898. The recording of
this mortgage operated to give *Mrs. Holland* constructive no-
tice of its existence, though it appears she had no actual
knowledge thereof until July, 1912. It must be assumed,
then, that the plaintiff had the right to treat *Mrs. Holland* as

one having notice of the existence of the mortgage. The question then is, Do the facts show that plaintiff was guilty of laches in enforcing his rights under the mortgage against *Mrs. Holland,* as owner of lot 15, under the deed from Schauer in 1898? Schauer had purchased *Bong's* interest in this lot in 1897. There is nothing showing that these assigns of *Bong* agreed to pay the debt to the plaintiff, secured by the mortgage, or that they did not by reason thereof pay the full amount of the purchase price. This left *Bong* primarily liable for the debt to plaintiff and charged the plaintiff with the active duty of collecting it from *Bong,* who occupies the adjoining lot 16, one ninth of which is also embraced in this mortgage. Under these facts and circumstances *Mrs. Holland* owed no duty to plaintiff to pay the debt unless *Bong,* who was primarily liable, defaulted. These existing conditions and relations between the parties entitled her to rely upon the assumption, in view of the long delay, that plaintiff had been paid by *Bong* and that in case of *Bong's* default that plaintiff would have notified her within a reasonable time and have asserted his claim under his mortgage against her lot. This the plaintiff wholly neglected to do for upwards of eighteen years after the $750, unpaid balance of the debt, became due and after a continuous default in paying any interest for a period over nineteen years. The plaintiff's neglect to enforce payment of these demands against *Bong* and his failure to assert any right to *Mrs. Holland's* property, in effect amounted to an acquiescence by silence that no claim was existent against her property and furnished a substantial and good ground to induce a feeling of security on her part that this claim against her property had been fully discharged by *Bong* and that it was no longer existent. Plaintiff's long and unreasonable delay in failing to proceed against *Mrs. Holland* on *Bong's* default seriously prejudiced her interest, in that it caused her to change her situation and relationship in the matter in very substantial ways to her injury,

if the mortgage be now enforced, through the cost of improvements, which she could have avoided had she been informed of *Bong's* default, and by subjecting her property to the payment of an amount of interest on the debt in excess of the unpaid principal, which accumulated in the main after the notes given had become outlawed.    We consider that the plaintiff was clearly guilty of laches as to *Mrs. Holland* and that an enforcement of his mortgage against her interest in lot 15 would lead to unconscionable and inequitable results as to her, and must therefore deny him the relief awarded by the circuit court granting a foreclosure and sale of *Mrs. Holland's* interest in lot 15.

*By the Court.*—The judgment appealed from is reversed as to the defendant *Mrs. Holland,* and the cause remanded with directions to award judgment dismissing plaintiff's complaint as to *Mrs. Holland;* and the judgment is affirmed as to the defendant *Bong.*

WINSLOW, C. J., and VINJE, J., dissent.

A motion for a rehearing was denied, with $25 costs, on February 9, 1915.