MILQUET, Appellant, vs. VAN STRATEN and another, Respondents.

*February 9—March 10, 1925.*

*Schools and school districts: Illegal contract to transport children to school: Taxpayer's action to recover public moneys paid thereon: Estoppel: Recovery on quantum meruit: Contract void in toto.*

1. A taxpayer may maintain an action in behalf of himself and other taxpayers to recover back into the public treasury funds illegally extracted therefrom.  p. 306.
2. In an action by a taxpayer to recover back public money illegally paid by a school board, a finding of malice on the part of the plaintiff against the person receiving the money is *held* not sustained by the evidence.  p. 306.

3. A taxpayer who, as former treasurer of a school district, had refused to sign orders, and had defended a *mandamus* action to compel him to do so to the extent of appealing to this court, is not estopped to recover back public funds illegally paid after his defeat for re-election because he failed to act more vigorously in preventing their payment. p. 307.

4. Public funds paid out by a school district for transporting children, only two or three of whom attended the public schools, could not be retained by defendant in a taxpayer's action on the theory of *quantum meruit*, on the ground that the cost of transporting two or three children was as great as transporting them all, since the contract under which the money was paid was void, and the school district could make itself liable for transportation only in the specific manner prescribed by statute. p. 307.

APPEAL from a judgment of the circuit court for Brown county: W. B. QUINLAN, Judge. *Reversed, with directions.*

The controversy in this case arose out of a matter considered by this court in *State ex rel. Van Straten v. Milquet,* 180 Wis. 109, 192 N. W. 392, reference to which is made. We shall state only such additional facts as are necessary to present the question raised in this action.

The plaintiff was originally the treasurer of the defendant district and at all times refused to consent to the signing of the original contract for the conveyance of children for the school year 1920–1921 or to pay orders issued by the other two members of the school board, and the former action was an action of *mandamus* begun to compel him to sign such orders. There was a judgment against him in the circuit court, from which he appealed to this court, where the judgment of the circuit court was reversed. In that action it was held that the contract upon which the right to the issuance of the orders was claimed, was invalid and illegal in that it was not for a public purpose and that it was therefore void *in toto.* Pending the appeal to this court the plaintiff's term of office as treasurer expired. At the annual school meeting in July, 1922, he was defeated

and a person opposed to his views was elected as treasurer. At that meeting the electors passed a resolution authorizing the school board to retain lawyers to defend the plaintiff's appeal at the expense of the district. At the same meeting the electors adopted a formal resolution reciting at length the controversy and authorizing and directing payment of the sum of $450 claimed to be due to the defendant Van Straten under the first contract. The school officers thereupon paid the $450, and the recovery of this sum back into the treasury of the school district constitutes plaintiff's first cause of action. At the same time the school board was authorized to make a second contract with Van Straten of the same import and tenor as the first contract, which former contract was subsequently held invalid by this court as stated. Plaintiff's second cause of action is for the recovery back into the school treasury of the sums paid to Van Straten under the second contract.

While the trial court recognized the invalidity of both contracts, it held that Van Straten was entitled to receive a sum identical with the contract price on quantum meruit, it appearing that two or three children who attended the public schools were transported along with twenty-four or twenty-five others who attended a private school. The trial court was also of the opinion that the plaintiff is estopped from maintaining this suit by reason of failure to interpose legal proceedings to prevent payment in advance of performance and that his action was not brought in good faith. From a judgment in favor of the defendant Van Straten the plaintiff appeals.

For the appellant there was a brief by Kittell, Jaseph, Young & Everson of Green Bay, and oral argument by Lynn D. Jaseph.

For the respondent Van Straten there was a brief by Martin, Martin, Martin, Clifford & McHale of Green Bay, and oral argument by G. F. Clifford.

Rosenberry, J.   In the former case it was held that the school board was authorized to provide transportation for children of school age who desired to attend the public school and no other and that the contract was void *in toto.* At the outset the right of the plaintiff to maintain this action is challenged.   Whatever the law may be in other jurisdictions; it must be regarded as settled in this state that a taxpayer may maintain an action in his own behalf and in behalf of other taxpayers to recover back into the public treasury funds which have been illegally extracted therefrom. *Willard v. Comstock,* 58 Wis. 565, 17 N. W. 401; *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798; *Quaw v. Paff,* 98 Wis. 586, 74 N. W. 369; *Land, L. & L. Co. v. McIntyre,* 100 Wis. 245, 75 N. W. 964; *Webster v. Douglas Co.* 102 Wis. 181, 77 N. W. 885, 78 N. W. 451; *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460; *Wilcox v. Porth,* 154 Wis. 422, 143 N. W. 165.

The trial court in its opinion said:

"The plaintiff's conduct throughout the whole transaction would indicate malice and feeling against *Van Straten,* and I do not think his acts indicate good faith in bringing and maintaining this suit."

A very careful search of the record fails to disclose any evidence of malice or ill-feeling on the part of plaintiff toward *Van Straten* and we are at a loss to know upon what this conclusion was based.   The plaintiff has at all times, in all places, and under all circumstances, contended that it was beyond the power of the school district board to disburse public funds under the contract held by this court to be void.   This cannot by any stretch of the imagination be held to indicate malice, ill-will, or ill-feeling toward *Van Straten* or any one else.   The plaintiff has with commendable courage maintained his convictions as to the duty of the school board in the premises, in which contention he was fully justified.   At any rate, his position affords no

support for a finding that he was guilty of any malice or ill-feeling.

It is also contended that plaintiff is estopped from maintaining this action. It is contended that the failure of the plaintiff to take more vigorous action to prevent the payment of the public funds out of the school treasury, and the fact that one of his children and another child who lived in his home rode with the other children transported, works an estoppel against the right asserted by the plaintiff to have this money repaid into the public treasury. Here the defendant was refusing to sign orders in his capacity as treasurer of the school district, was defending a *mandamus* action begun to compel him to sign such orders to the extent of appealing the case to this court. Upon what theory the plaintiff was required to act more vigorously we do not understand. The facts in this case do not bring it within the doctrine of *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798; *Ellefson v. Smith,* 182 Wis. 398, 196 N. W. 834.

It is argued quite vigorously that the defendant is entitled to retain moneys illegally paid him because he performed a service which was reasonably worth the amount of the money so paid. The facts are that the contract called for the transportation of twenty-seven children. Of the twenty-seven children, two or at times three attended the public schools. It is argued that it would cost the district as much to transport two or three children as it would twenty-seven and that therefore the defendant is entitled to retain the moneys paid him under the illegal and void contract as compensation under *quantum meruit.* This is a specious but fallacious argument. No doubt the defendant rendered valuable service, but the service was rendered to the persons whose children were transported and not to the district. The district by statute can make itself liable for the transportation of children only in the manner therein prescribed. While the district had the power to make a valid contract

for the transportation of those children who were in fact attending the public schools, it had no power to do what it did do in this case. This is not a case where the district has received something of value for which it ought equitably to account, as in *Thomson v. Elton,* 109 Wis. 589, 85 N. W. 425. Under the statute there was no authority in the district for the disbursement of the money paid to the defendant, and within the authority of the cases cited the defendant must account for the moneys so illegally paid and received by him.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to enter judgment as prayed in the complaint for $450 on the first cause of action and $509.94 on the second cause of action, being the amount paid down to the time of the cessation of the illegal transportation as found by the trial court.