ZLINDRA, Appellant, vs. ZLINDRA, Respondent.

*April 15—May 25, 1948.*

*Louis B. Aderman* of Milwaukee, for the appellant.

*John R. Devitt* of Milwaukee, guardian *ad litem,* for the respondent.

ROSENBERRY, C. J.   The question involved upon this appeal is whether a husband may sue his wife for an absolute divorce on the ground of cruel and inhuman treatment, which is alleged in the complaint to have occurred prior to the time

the defendant wife became mentally ill, more than ten years before the commencement of the divorce action. The contention of the defendant is that the husband may not maintain such an action for the reason that it is barred by the provisions of sec. 330.18 (4), Stats. 1945.

The material facts are as follows: The plaintiff and defendant intermarried on the 8th day of May, 1926. No issue was born of such marriage. Since 1932 the defendant has been an inmate of an asylum for the chronic insane either at the asylum for chronic insane at Milwaukee county or at the hospital for mental diseases of Milwaukee county. With respect to the grounds for divorce it is alleged in the complaint:

"That beginning with the marriage of the parties hereto and up to the time the defendant became mentally ill [1932], the defendant had been guilty of a course of cruel and inhuman treatment of and toward the plaintiff, the same having been practiced by means of physical violence and by means other than physical violence, and that among numerous instances and particulars of such cruel and inhuman treatment are the following:

"(a) That on one occasion in 1928 the defendant struck the plaintiff with her shoe and injured plaintiff's lip.

"(b) That the defendant continuously argued with the plaintiff, and called the plaintiff vile and indecent names, all to plaintiff's aggravation.

"(c) That the defendant falsely accused the plaintiff of associating with other women.

"(d) That the defendant became intoxicated on many occasions, all to the aggravation of the plaintiff. That the defendant failed to properly prepare meals and failed to take care of the house of the parties hereto, all to the aggravation of the plaintiff.

"That as a result of the foregoing acts and conduct on the part of the defendant, all of which were without cause or provocation on the part of the plaintiff, the plaintiff has suffered great mental anguish, physical harm, and impairment of health. . . .

"That because of [such] treatment . . . the plaintiff feels that it is absolutely impossible for him to live with the defendant as husband and wife."

The demurrer was upon the ground that the action was barred by the statute of limitations. Sec. 330.14, Stats., provides that the following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued: Within ten years (sec. 330.18, (4) ) an action which on and before the 28th day of February in the year one thousand eight hundred fifty-seven was cognizable by the court of chancery when no other limitation is prescribed in this chapter.

If this subsection is applicable to an action for divorce, this action was barred. Sec. 247.01, Stats., provides:

"The circuit court has jurisdiction of all actions to affirm or to annul a marriage, or for a divorce from the bond of matrimony, or from bed and board, and authority to do all acts and things necessary and proper in such actions and to carry its orders and judgments into execution as hereinafter prescribed. All such actions shall be commenced and conducted and the orders and judgments therein enforced according to the provisions of these statutes in respect to actions in courts of record, as far as applicable, except as provided in this chapter."

Ch. 247, Stats., makes no reference in any of its sections to the statute of limitations.

In a number of jurisdictions it has been held that the statutes limiting in general terms the time within which actions may be brought do not ordinarily apply to divorce suits. 17 Am. Jur., Divorce and Separation, p. 237, sec. 173, and cases cited. The matter was considered at some length in *Tufts v. Tufts* (1892), 8 Utah, 142, 30 Pac. 309, 16 L. R. A. 482. This conclusion is based in part upon 2 Bishop, Marriage, Divorce and Separation, p. 198, sec. 426. That in turn refers to the rule in the ecclesiastical courts of England.

A consideration of the statutory history of sec. 247.01, Stats., throws some light upon this question. Sec. 8, ch. 79, Stats. 1849, provided:

"A divorce from the bond of matrimony, or from bed and board, may be decreed by the several circuit courts of this

state sitting as a court of chancery, on suit brought in the county where the parties or one of them reside. . . ."

Secs. 24 and 25, ch. 127, Stats. 1849, provided:

"24. Whenever there is a concurrent jurisdiction in the courts of common law, and in courts of equity of any cause of action, the provisions of this chapter, limiting a time for the commencement of a suit for such cause of action in a court of common law, shall apply to all suits hereafter to be brought for the same cause in the court of chancery.

"25. The last section shall not extend to suits over the subject matter of which a court of equity has peculiar and exclusive jurisdiction, and which subject matter is not cognizable in the courts of common law."

In the statutes of 1849 there is no provision limiting the time within which a cause of action for divorce may be brought.

Sec. 15, ch. 111, Stats. 1858, provided:

"15. Actions to annul or affirm a marriage, or for a divorce, and all other matters coming within the purview of this chapter, not otherwise specially prescribed, shall be conducted in the same manner as other actions in courts; and the court shall have power to award issue, to adjudge costs, and to enforce its judgments, as in other cases."

Sec. 22, ch. 138, Stats. 1858, provided:

"An action for relief not hereinbefore provided for, must be commenced within ten years after the cause of action shall have accrued."

This section applied to causes of action cognizable in a court of chancery, which included divorce actions.

Sec. 22 became sub. 4 of sec. 4221, R. S. 1878. Of it the revisors said:

"Sec. 22, ch. 138, R. S. 1858, [is rewritten] so as to make it more definite, by making it applicable to actions which were formerly cognizable only in the court of chancery. This language is more definite than the word 'relief,' as that word is applicable, under the code of procedure [Ch. 120, Laws of 1856] both to actions at law and in equity."

The code abolishing the distinction between actions at law and suits in equity. went into effect March 1, 1857, (ch. 127, Laws of 1856) so it is clear that sub. 4 refers to suits in chancery as they existed on and prior to February 28, 1857. While the distinction between actions at law and suits in equity was abolished in 1856 it was held in 1872 that in spite of the enactment of ch. 120, Laws of 1856, the essential distinctions between an action at law and in equity were not abolished by the code. *Deery v. McClintock* (1872), 31 Wis. 195. See *Milwaukee L. H. & T. Co. v. Ela Co.* (1910) 142 Wis. 424, 429, 125 N. W. 903.

As rewritten by the revisors, sec. 4221, 4, R. S. 1878, is identical with sec. 330.18 (4), Stats. 1945. Since the enactment of R. S. 1858, the ten-year statute of limitations has been applicable to divorce actions. This is made clear by the comment of the revisor found under sec. 4221, R. S. 1878. By sec. 8, ch. 323, Laws of 1909, now a part of sec. 247.12, Stats.: "All hearings and trials to determine whether or not a decree shall be granted shall be had before the court and shall be public." This provision was enacted apparently to prevent reference in divorce cases to referees, and was not intended to and did not change the nature of a divorce action which in accordance with the provisions of the statutes of 1849 was triable as a suit in chancery under the old practice.

We perceive no reason why the ten-year limitation provided in sec. 330.18 (4), Stats., should not be applied to divorce actions. At common law the jurisdiction of divorce actions was exclusively in ecclesiastical courts. We have no court corresponding to the ecclesiastical court, so that the jurisdiction of divorce actions is purely statutory. *In re Gill* (1866), 20 Wis.*686; *Dovi v. Dovi* (1944), 245 Wis. 50, 13 N. W. (2d) 585. The jurisdiction of the court being statutory and the legislature having declared by statute that all actions cognizable by a court of chancery on the 28th day of February in the year one thousand eight hundred fifty-seven must be com-

menced within ten years, we see no reason why this provision should not be applied according to its terms. It is therefore held that sec. 330.18 (4), Stats. 1945, applies to divorce actions and the trial court correctly so held.

In this connection it is considered advisable that reference be made to the doctrine of laches as laid down in this state. While the lapse of the period fixed by the statute of limitations bars an action without more, the mere lapse of time alone does not have the same result unless it is accompanied by circumstances of negligence, apparent acquiescence, or such change of defendant's position as would result in injustice or prejudice the rights of the opposite party. Under those conditions a delay less than the period of the statute of limitations may bar a party's right to recovery. *Likens v. Likens* (1908), 136 Wis. 321, 327, 117 N. W. 799; *Bur v. Bong* (1915), 159 Wis. 498, 150 N. W. 431. No fixed criteria are laid down for the application of the doctrine of laches. The question of laches is to be decided upon the particular circumstances of each case. *Foote v. Harrison* (1909), 137 Wis. 588, 119 N. W. 291; *Lingelbach v. Luckenbach* (1919), 168 Wis. 481, 170 N. W. 711.

In *Likens v. Likens, supra,* it was said:

"Great lapse of time, if reasonably excused and without damage to the defendant, has been ignored; while slight delay, accompanied by circumstances of negligence, apparent acquiescence, or change of defendant's position, has been held sufficient."

It is considered that these equitable principles are applicable to actions for a divorce under the provisions of sec. 247.01, Stats., which provides that the circuit court has authority to do all acts and things necessary and proper in such actions. It is considered that this makes applicable to divorce actions the procedure and practice by the court in other actions. The application of the doctrine of laches to divorce actions does not involve the granting of relief any more than does the

application of the rules of evidence and procedure to divorce actions. The question to be decided in each case is: Has the plaintiff a right to prosecute his cause of action and claim the aid of the court in its enforcement, where by the established rules of law he is estopped from asserting his rights?

*By the Court.*—Order affirmed.