PUGNIER[o] and others, Plaintiffs and Respondents, vs. RAM-
HARTER, Defendant and Appellant: CHIPPEWA COUNTY
CHAPTER OF NATIONAL FOUNDATION FOR INFANTILE
PARALYSIS, Defendant and Respondent.

*January 10—February 5, 1957.*

72

For the appellant there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner.*

For the respondents Pugnier and Muska there was a brief by *Frank E. Huettner* of Cadott, and *Ingolf E. Rasmus* of Chippewa Falls, and oral argument by *Mr. Huettner.*

For the respondent Chippewa County Chapter of National Foundation for Infantile Paralysis there was a brief and oral argument by *Henry Christoffersen* of Chippewa Falls.

STEINLE, J. There is no bill of exceptions, hence under the rule we .are concerned only with the question as to whether the judgment is supported by the pleadings and the findings. *Dovi v. Dovi* (1944), 245 Wis. 50, 13 N. W. (2d) 585, 151 A. L. R. 1368.

A taxpayer may maintain an action in behalf of himself and other taxpayers to recover back into the public treasury funds illegally extracted therefrom. *Milquet v. Van Straten* (1925), 186 Wis. 303, 202 N. W. 670.

A town has only such powers as are conferred on it by statute or are necessarily implied therefrom. *Milton Junction v. Milton* (1953), 263 Wis. 367, 57 N. W. (2d) 186. The officers of a town have only such powers as are conferred upon them by statute. *Whitewater v. Richmond* (1931), 204 Wis. 388, 235 N. W. 773.

Sec. 60.01, Stats., treats with the corporate powers of a town. Sec. 60.18 relates to the powers of a town meeting.

Sec. 60.29 sets forth the powers of town boards. Nowhere in those provisions is authority granted to expend money from the town treasury for charitable purposes. We are obliged to hold that the causes promoted by the several respondents here are of a charitable nature, and that the contributions made by the appellant and the others from the town's treasury for such purpose were beyond his, their, or the town's powers. Such acts were clearly *ultra vires*. *Kircher v. Pederson* (1903), 117 Wis. 68, 93 N. W. 813; *Menasha Wooden Ware Co. v. Winter* (1915), 159 Wis. 437, 150 N. W. 526.

In the absence of legislative authorization, a municipality cannot apply its public funds to the payment of claims or obligations which are founded upon mere moral or equitable considerations, and are not enforceable against the municipality by legal process. 38 Am. Jur., Municipal Corporations, p. 89, sec. 398.

Appellant contends that the appropriations to the several relief agencies were for a public purpose. The cases cited in support of his position treat with questions. involving the constitutionality of statutes and the application of the "public-purpose test" thereunder. Here the statutes do not authorize expenditures from town funds for such purposes. The test contended for by the appellant is not relevant. Had the statute provided for contributions to agencies such as here, and had challenge been made as to the constitutionality of such provision, we would then have been confronted with questions such as arose in *State ex rel. Wisconsin Development Authority v. Dammann* (1938), 228 Wis. 147, 277 N. W. 278, 280 N. W. 698, *State ex rel. American Legion 1941 Convention Corp. v. Smith* (1940), 235 Wis. 443, 293 N. W. 161, and others of like import. Such is not the situation here.

Appellant maintains that in the event it is held that the appropriations were improper, he ought to be entitled under

the cross complaint to recover from the several relief agencies the amounts contributed to them from the town's funds. There is nothing in the findings to indicate that the units operating in the locality of the town which sponsored and promoted the collection of funds for which the contributions were made, were legal entities capable of being sued. We are not at liberty to go behind the findings.

With reference to the appropriation of salary increase for the preceding year, it does not appear from the findings, as contended by appellant, that the purpose of such action was to increase the annual salaries for the reason that the electors at the town meeting were of a mind that the salaries paid to the town officers were not adequate for the services that they performed. There is before us only the finding that an increase for the preceding year was voted at the town meeting to the appellant in the sum of $202.50. Sec. 60.60 (1), Stats., treats with the matter of compensation for town officers. It does not expressly, and we cannot find that it impliedly authorizes the payment of an increase in salary for any town officer to be paid on a retroactive basis. With reference to this matter the cases relied upon by the appellant, including principally *State ex rel. Holmes v. Krueger* (1955), 271 Wis. 129, 72 N. W. (2d) 734, deal with questions involving the right of a legislature to provide that a municipal body may direct payment for salary on a retroactive basis. Such consideration is not relevant here.

The findings are entirely silent as to the "good faith" of the appellant in the matter of the challenged appropriations.

It is further contended that the respondent taxpayers are barred by laches from obliging appellant to reimburse the town for the void appropriations. The essentials of laches are (1) an unreasonable delay in bringing the action, *Likens v. Likens* (1908), 136 Wis. 321, 117 N. W. 799, *Saric v. Brlos* (1945), 247 Wis. 400, 19 N. W. (2d) 903, and (2) knowledge of the course of events and acquiescence

therein. *Willard v. Comstock* (1883), 58 Wis. 565, 17 N. W. 401, 46 Am. Rep. 657; *Henry v. Dolen* (1925), 186 Wis. 622, 203 N. W. 369. The question of laches is to be decided on the particular circumstances of each case. *Foote v. Harrison* (1909), 137 Wis. 588, 119 N. W. 291; *Zlindra v. Zlindra* (1948), 252 Wis. 606, 32 N. W. (2d) 656. Here the findings do not indicate that the respondent taxpayers knew of the disbursements complained of until a time immediately prior to the commencement of the suit. There is no finding that the electors acquiesced in the payments, nor that objections were raised by them. Specifically it was found that the matter of the charitable contributions was not voted upon after the annual town meeting in 1945, when one or more taxpayers dissented in regard to such expenditure. Notwithstanding that the annual printed reports of income and disbursements of the town distributed at subsequent meetings listed the amounts contributed for charity, it does not appear that the taxpayers of the town generally were apprised of the practice, nor that the respondent taxpayers had notice thereof. With regard to the claim of laches, the appellant relies strongly on the results in *Frederick v. Douglas County* (1897), 96 Wis. 411, 71 N. W. 798, and *Ellefson v. Smith* (1924), 182 Wis. 398, 196 N. W. 834. The decisions in those cases were grounded principally on facts which indicated that the units of government involved had received direct adequate consideration or benefit respectively. We are obliged to determine that neither the respondent taxpayers nor the town are guilty of laches in the situation presented here.

It is also contended that the claim against the appellant is barred by the three-year limitation statute, sec. 330.20, Stats. Sub. (1) of that statute refers only to an action against a sheriff, coroner, town clerk, or constable for breach of duty. A town chairman, such as was appellant, is not mentioned. Sub. (2) of the statute relates in part to an action by a town

to recover money by reason of breach of official bond. The claim involved in this matter is not based on breach of an official bond. The town is not a party plaintiff, it appearing that it was not joined as such. A statute of limitations should not be applied to cases not clearly within its provisions. It should not be extended by construction. 53 C. J. S., Limitations of Actions, p. 912, sec. 3 b. Statutes creating limitations are to be reasonably and fairly construed, but should not be extended by construction. *Fish v. Collins* (1916), 164 Wis. 457, 160 N. W. 163. Courts cannot ingraft upon a general statute of limitations exceptions not clearly expressed therein. *Amy v. Watertown* (C. C. 1884), 22 Fed. 418, affirmed (1889), 130 U. S. 320, 9 Sup. Ct. 537, 32 L. Ed. 953.

*By the Court.*—Judgment affirmed.