TIMOTHY L. VOCKE, District Attorney Vilas County
You request my opinion as to the place or places a municipal justice must file his oath.
A municipal justice files his oath and bond with the clerk of the circuit court. Within ten days after filing, the clerk of circuit court is required to mail a certified copy of the bond to the clerk of the city, town or village, wherein such justice was elected or appointed, for filing. Sections 19.01 (4)(C), 254.03 (1) and (2), Stats., are explicit in these requirements. There is no provision requiring filing with any state office.
You also inquire whether a town can adopt ordinances which prohibit conduct which is the same or similar to that prohibited by chs. 941 to 947, Stats. You note that sec. 66.051 (4), Stats., expressly refers to cities and villages, but does not expressly include towns. The omission is a significant expression of legislative intent since the word "town" is included in the introduction to sec. 66.051, Stats.
Section 66.051, Stats., provides:
 "Power of municipalities to prohibit criminal conduct. The board or council of any town, village or city may:
 "(1) Prohibit all forms of gambling and fraudulent devices and practices; *Page 59 
 "(2) Cause the seizure of anything devised solely for gambling or found in actual use for gambling and cause the destruction of any such thing after a judicial determination that it was used solely for gambling or found in actual use for gambling;
 "(3) Prohibit conduct which is the same as or similar to that prohibited by s. 947.01.
 "(4) Nothing in this section shall be construed to preclude cities and villages from prohibiting conduct which is the same or similar to that prohibited by chs. 941 to 947."
A town has only such powers as are conferred on it by statute or as are necessarily implied therefrom. Pugnier v. Ramharter,275 Wis. 70, 81 N.W.2d 38 (1957).
Some powers of a town are vested in the town board whereas others are vested in the town meeting.
Section 60.18 (12), Stats., empowers a town meeting "To direct . . . the town board to exercise all powers relating to villages and conferred on village boards by ch. 61, except such power, the exercise of which would conflict with the statutes relating to towns and town boards."
Section 66.051 (4), Stats., is not included in ch. 61, Stats. It, in fact, confers no powers at all but is a rule of construction with respect to subsecs. (1), (2) and (3) of sec. 66.051, Stats., where cities and villages are concerned. The authority of villages to prohibit conduct similar to that prohibited by chs. 941-947, Stats., emanates from the home rule power set forth in sec. 61.34 (1) and (5), Stats., as guaranteed by Wis. Const. art. XI, sec. 3. The attempted exercise by towns of the general home rule power is inherently inconsistent with the constitutional rule requiring one system of uniform town government. Wis. Const. art. IV, sec. 23. Town governments cannot change from town to village governments at will. State exrel. Holland v. Lammers, 113 Wis. 398, 411-412, 86 N.W. 677
(1902).
Therefore, sec. 60.18 (12), Stats., would not be authority for the use of such home rule village powers even where a town meeting had authorized the town board to exercise village powers. Town boards are therefore limited to the authority granted in sec. 66.051 (1), (2) and (3), Stats., or other statutes with respect to prohibiting conduct *Page 60 
which is the same or similar to that prohibited by chs. 941-947, Stats. The provisions of sec. 66.051 (1) and (2), Stats., would empower a town board to prohibit conduct substantially similar to that prohibited by ch. 945, Stats. Section 66.051 (3), Stats., authorizes prohibition of conduct the same or similar to that prohibited by sec. 947.01, Stats. A search of ch. 60 and other statutes relating to towns would have to be made to determine whether a town board has power to prohibit conduct the same or similar to that prohibited by chs. 941, 942, 943, 944, 946, and secs. 947.02-947.15, Stats.
The problem is not one which is within the direct duties of a district attorney; however, after you have done further research, you may submit further questions on a specific problem area and I will attempt to be of assistance to you. Please refer to 62 OAG Preface (1973) relative to the requirements to be observed by district attorneys requesting an opinion from this office.
BCL:RJV