DARWIN ZWIEG, District Attorney Clark County
You request my opinion on four questions:
 1. May a county board by resolution expand the duties of a full time district attorney to require such officer to advise and counsel town officers concerning town business?
 2. If the full time district attorney agreed to advise and counsel town officers concerning town business at the request of the county board, may the board legally expend funds to purchase errors and omissions insurance to cover the District Attorney's Office in this area?
 3. May the county board expend funds to pay a full time or part time county corporation counsel to advise and counsel town officials concerning town business?
 4. Assuming the county does not have a corporation counsel for county business, may the county board expend funds to pay a private attorney for the sole purpose of giving advice and counsel to town officials? *Page 180 
The answer to all four questions is no. It can be noted that the statutes do in at least one instance require a town chairperson to notify the district attorney of every forfeiture that has occurred in the town so that appropriate forfeiture action may be commenced. See sec. 778.12, Stats. There may be other statutes which require contact between the district attorney and town official such as those involving a town police officer who seeks prosecutions on state charges. District attorneys are of course not foreclosed from rendering advice in such areas even though they are to some degree concerned with town business. Advice and acts of a district attorney in such case are part of such officer's official duties and can be covered by a fidelity or liability insurance policy purchased at county expense. See secs. 19.01(2)(2m), 19.07 and 59.07(2)(a)(d), Stats. It is assumed, however, that your questions are not concerned with advice concerning such special statutes or contacts in which there is a direct and obvious state or county interest.
We must start with the proposition that a county and towns lying within its boundaries are separate corporate, and substantially independent, governmental bodies. Secs. 59.01 and60.01, Stats. Both a county, which is a quasi-municipal corporation, and a town, which is a municipal corporation, have limited powers. County boards have only such legislative powers as are conferred by statute, expressly or by clear implication.Maier v. Racine County, 1 Wis.2d 384, 84 N.W.2d 76 (1957); Townof Vernon v. Waukesha County, 102 Wis.2d 686, 689,307 N.W.2d 227 (1981). The same rule applies to towns. Pugnier v. Ramharter,275 Wis. 70, 81 N.W.2d 38 (1957). The interests of a county and a town lying within its borders are in some respects common but there are many areas of actual or potential conflict. The same can be said where the interests of the state and town are concerned. The district attorney represents the interests of the state as well as those of the county. O'Neil v. State,189 Wis. 259, 207 N.W.2d 280 (1926). A district attorney is a constitutional officer whose powers are in large part statutory.See sec. 59.47 and the index to the statutes. Section 59.47(3) provides that the district attorney shall give advice to the "county board and other officers of his county." There is no reference therein or in any other statute of which I am aware that makes it the duty of a district attorney to give advice to town boards or town officials on matters strictly relating to town business. Town boards have express statutory power to retain *Page 181 
their own attorneys on an interim or regular basis. Section 60.29(3) empowers a town board:
 To procure legal advice when needed in the conduct of town affairs and employ counsel for that purpose; also such stenographic, clerical and expert help as may from time to time be necessary in the conduct of the affairs of the town and the promotion of the financial welfare; to enter into the necessary contracts for the performance of such services; and to determine the qualifications, including the residence of the persons so employed.
Further, there is no provision within the many listed under section 59.07 or in all of chapter 59 which would empower the county board to require the district attorney to advise town officials with respect to town business. Even at a time when a town chairman, by reason of his or her office, served on the county board, this office opined that it was not the part of a district attorney's duties to advise a town chairman on town matters. 18 Op. Att'y Gen. 263 (1929). Indeed, section 59.485 recognizes the potential for conflict between the interest of a county and those of a town. It provides:
 A district attorney who is not compensated by the county on a full-time basis may serve as town or village attorney, or as city attorney in any county having a population of less than 40,000. In cases where conflicts arise as the result of his being employed by a governmental unit other than the county, the district attorney shall withdraw from such other employment and shall represent only the interest of the county.
The inference to be drawn is that a district attorney compensated on a full-time basis cannot serve as a "town or village attorney, or as a city attorney in any county having a population of less than 40,000." Section 59.48 prohibits a district attorney in a county of over 40,000 from also holding office or serving as a city attorney.
It has long been held that powers conferred on a county officer by statute cannot be narrowed, taken away or enlarged by the county board except in cases where the Legislature has authorized it by statute. Reichert v. Milwaukee County, 159 Wis. 25,150 N.W. 401 (1914); 63 Op. Att'y Gen. 196 (1974). I conclude that a county board cannot require a district attorney compensated on a full-time basis to advise and counsel town officers concerning town business. *Page 182 
Section 59.07(44) does authorize a county board to appoint a corporation counsel and provides that:
 The duties of the corporation counsel shall be limited to civil matters and may include giving legal opinions to the board and its committees and interpreting the powers and duties of the board and county officers. Whenever any of the powers and duties conferred upon the corporation counsel are concurrent with similar powers or duties conferred by law upon the district attorney, the district attorney's powers or duties shall cease to the extent that they are so conferred upon the corporation counsel and the district attorney shall be relieved of the responsibility for performing such powers or duties.
Although sections 59.025(3) and 59.07(44) authorize the county board to create such office and assign duties of a civil nature to such officer in excess of those exercised by the district attorney pursuant to statutory authority applicable to such latter office, such duties must relate to a county on delegated state purpose. Advising town officials on town business matters is not a county purpose for which county funds may be expended. Having a county provide legal counsel to towns may also be contrary to the general rule that public monies must be spent at the level at which such monies are raised. Buse v. Smith,74 Wis.2d 550, 247 N.W.2d 141 (1976). No statute permits a county board to employ private counsel for such purpose or to purchase insurance to protect the county, district attorney or corporation counsel in connection with rendering advice which is not connected with the official duties of such offices. See section59.44(1)(2)(3) with respect to appointment of special counsel to assist the district attorney or to act in his or her place in criminal matters or "(3) [w]hen there is an unusual amount of civil litigation to which the county is a party or in which it is interested . . . ."
BCL:RJV